No. 24-3188

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

MI FAMILIA VOTA, *et al.*,

*Plaintiffs-Appellees*,

vs.

ADRIAN FONTES, *et al.,*

*Defendants-Appellees*,

and

WARREN PETERSEN, *et al.*,

*Intervenor-Defendants-Appellants.*

On Appeal from the United States District Court for the District of Arizona
Case No. 2:22-cv-00509-SRB (Consolidated)
Honorable Susan R. Bolton

---

**APPELLEE ADRIAN FONTES' RESPONSE TO EMERGENCY MOTION UNDER CIRCUIT RULE 27-3 FOR PARTIAL STAY OF INJUNCTION PENDING APPEAL**

---

Craig A. Morgan (AZ Bar No. 023373)
Shayna Stuart (AZ Bar No. 034819)
Jake Tyler Rapp (AZ Bar No. 036208)
**SHERMAN & HOWARD L.L.C.**
2555 E. Camelback Road, Suite 1050
Phoenix, Arizona 85016
Telephone: (602) 240-3000
*Attorneys for Appellee Adrian Fontes, in his official capacity as Arizona Secretary of State*

Adrian Fontes, Arizona's Secretary of State and Chief Election Officer ("Secretary Fontes"), asks this Court to deny the Intervenor-Defendants Emergency Motion Under Circuit Rule 27-3 For Partial Stay Of Injunction Pending Appeal (the "Motion") because a stay this close to an election is bound to create chaos and confusion, and undermine the credibility of our elections and related processes.

Our elections are a cornerstone of our democracy. Preserving their integrity and reliability are paramount among Secretary Fontes' responsibilities. He takes that responsibility *very* seriously. That is why, although a nominal party to this action, he was willing to stipulate to the relief sought from the beginning so as to facilitate this action's swift resolution, and in turn, preclude it from in any way interfering with the now ongoing 2024 election cycle. The district court, the litigating parties, and even the nominal parties worked extremely hard to ensure that this action was tried, and a decision rendered, in advance of 2024 election-related deadlines to minimize this action's interference with election-related preparation and execution.

The district court entered its Judgment on May 2, 2024. *See* Doc. 720. Now, just *days* before early voting begins, the Intervenor-Defendants seek a stay.[1] While

---

[1] Indeed, Intervenor-Defendants filed a similar motion in the district court on May 17, 2024. *See* Doc. 730. Yet they waited 39 days until filing this Motion, and early voting starts on July 3. To be sure, this Motion is far too late and to grant it under these facts would compromise the 2024 election cycle in Arizona.

1

Secretary Fontes takes no position on the legal arguments made in the Motion, given its timing, he opposes entry of a stay.

"In election matters, time is of the essence …." *Harris v. Purcell*, 193 Ariz. 409, 412, ¶ 15 (1998). "Confidence in the integrity of our electoral processes is essential to the functioning of our participatory democracy." *Purcell v. Gonzalez*, 549 U.S. 1, 4 (2006). "The Supreme Court has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election." *Lake v. Hobbs*, 623 F. Supp. 3d 1015, 1027 (D. Ariz. 2022), aff'd sub nom. *Lake v. Fontes*, 83 F.4th 1199 (9th Cir. 2023), cert. denied, 23-1021, 2024 WL 1706042 (U.S. Apr. 22, 2024) (cleaned up). This is why the *Purcell* Doctrine exists and "discourages courts from creating or altering election rules close to elections to avoid voter confusion." *Mi Familia Vota v. Hobbs*, 492 F. Supp. 3d 980, 985 (D. Ariz. 2020) (citing *Purcell*, 549 U.S. 1 at 4-5). Entry of a stay will, in effect, alter election rules and procedures on the cusp of the 2024 election cycle.

The 2024 election cycle, including for the office of President of the United States, is upon us. *See* **Exhibit 1** ("Secretary Fontes' Decl.") at ¶ 4. Secretary Fontes' Office has worked with election officials across Arizona for many months to prepare for the 2024 election cycle. *Id.* The total number of active/inactive Federal Only voters in Arizona is 35,430. *See id*. at ¶ 5. Of those, 19,130 are active

2

presumably in-person voters, and 4,195 are on the Arizona Early Voter List. *Id.* In the 2020 election, the voter turnout was nearly 80%. *Id.* at ¶ 6; *see also* [2020_general_state_canvass.pdf (azsos.gov)](). Secretary Fontes expects, and believes Arizona's counties are preparing, for at least a similar turnout in 2024. Secretary Fontes' Decl. at ¶ 6.

It cannot be sincerely contested that the processes and procedures that must be put in motion so that our 2024 elections in Arizona can occur timely and without voter confusion are well under way. For example:

- On May 1, 2024, election officials sent voters their 90-day notice. *See* A.R.S. § 16-544(D); Secretary Fontes' Decl. at ¶ 7.

- The deadline to print sample ballots was June 20, 2024. *See* A.R.S. § 16-461; Secretary Fontes' Decl. at ¶ 8.

- Early voting begins, and the initiative filing deadline, is on July 3, 2024. *See* A.R.S. § 16-542(C); Secretary Fontes' Decl. at ¶ 9.

- Signature rosters are printed on July 20, 2024, the DPOC cure deadline is on July 25, 2024, and early voting ends on July 30, 2024. *See* A.R.S. § 16-542(E) (early voting); Election Procedures Manual at p. 7 (incorporating LULAC Consent Decree requirements related to DPOC);

3

A.R.S. § 16-166(A) (signature rosters); Secretary Fontes' Decl. at ¶ 10.[2]

- Non-partisan election challenges must be filed by July 22, 2024 and decided by August 1, 2024. *See* Secretary Fontes' Decl. at ¶ 11.

- The Presidential Primary Election occurs on July 30, 2024. *Id.* at ¶ 12.

- The deadline for the Secretary of State to transmit a 5% random sample of signatures related to ballot measures is August 1, 2024. *See* A.R.S. § 19-121.01; Secretary Fontes' Decl. at ¶ 13.

- The deadline for counties to complete review of ballot-related signature samples is August 22, 2024. *See* Secretary Fontes' Decl. at ¶ 14.

- The deadline to print publicity pamphlets is August 29, 2024. *See* Secretary Fontes' Decl. at ¶ 15.

Entering a stay, at this stage, will only create confusion and chaos for voters and election officials alike. *See* Secretary Fontes' Decl. at ¶ 16. The Election Procedures Manual reflects and accounts for, among other things, the district court's Judgment. *Id.* at ¶ 17. The Election Procedures Manual has been approved by

---

[2] The Election Procedures Manual has the force of law in Arizona. *Ariz. Pub. Integrity All. v. Fontes*, 250 Ariz. 58, 63, ¶ 16, 475 P.3d 303, 308 (2020) ("Once adopted, the EPM has the force of law; any violation of an EPM rule is punishable as a class two misdemeanor."). The Election Procedures Manual incorporates the relevant portion of the LULAC Consent Decree. *See* Secretary Fontes' Decl. at ¶ 10; Election Procedures Manual at 7. Thus, the Intervenor/Defendants' argument about the viability of the LULAC Consent Decree fails insomuch as it is and shall remain part of the Election Procedures Manual, and thus, the law in Arizona.

4

Secretary Fontes, Arizona's Governor, and even Arizona's Attorney General. *See id.* Secretary Fontes' office understands that Counties across Arizona have implemented processes and procedures, or are well into the process of doing so, reliant and complaint with those set forth in the Election Procedurals Manual. *Id.*

To be sure, at this juncture in Arizona Elections, time is not only of the essence, but it is in short supply. Election officials across Arizona are preparing for what is expected to be a very active 2024 election cycle. Last minute state-wide policy changes like those requested in the Motion, no matter how small they may seem to some, can (and Secretary Fontes believes will) drastically impact how affected votes are collected and processed. *Id.* Such confusion and chaos on the cusp of an election will undoubtedly cause voters to harbor doubts about our election procedures, our election officials, and our elections themselves. That risk alone, in the context of this action, strongly cautions against "creating or altering election rules close to elections to avoid voter confusion." *Mi Familia Vota*, 492 F. Supp. 3d at 985; *see also* Secretary Fontes' Decl. at ¶ 17 (expressing agreement with this sentiment).

Accordingly, Secretary Fontes asks this Court to preserve the status quo and deny the Motion.

5

RESPECTFULLY SUBMITTED: June 27, 2024.

**SHERMAN & HOWARD L.L.C.**

By */s/ Craig A. Morgan*
Craig A. Morgan
Shayna Stuart
Jake Tyler Rapp
2555 E. Camelback Road, Suite 1050
Phoenix, Arizona 85016
*Attorneys for Appellee Adrian Fontes, in his official capacity as Arizona Secretary of State*

## CERTIFICATE OF COMPLIANCE

This Response complies with the type-volume limitation under FRAP 32 because it contains 1,365 words, excluding the parts of the Response exempted by the rule. This Response complies with the typeface and type style requirements of FRAP 32 because it has been prepared in a proportionally spaced typeface using Microsoft Word Times New Roman 14-point font.

RESPECTFULLY SUBMITTED: June 27, 2024.

**SHERMAN & HOWARD L.L.C.**

By */s/ Craig A. Morgan*
Craig A. Morgan
Shayna Stuart
Jake Tyler Rapp
2555 E. Camelback Road, Suite 1050
Phoenix, Arizona 85016
*Attorneys for Appellee Adrian Fontes, in his official capacity as Arizona Secretary of State*

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2024, I electronically filed the foregoing Response with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit and served on the following counsel of record by using the appellate CM/ECF system.

*s/ Ella Meshke*
Ella Meshke, Practice Assistant
