Case No. 24-3188

# THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MI FAMILIA VOTA, et al.,

*Plaintiffs-Appellees,*

*v.*

ADRIAN FONTES, et al.,

*Defendants-Appellees,*

*and*

WARREN PETERSEN, et al.,

*Intervenor-Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Arizona

No. 2:22-cv-00509-SRB (and consolidated cases)

# STATE OF ARIZONA AND ARIZONA ATTORNEY GENERAL'S RESPONSE TO EMERGENCY MOTION FOR PARTIAL STAY OF INJUNCTION PENDING APPEAL

Joshua D. Bendor (AZ Bar No. 031908)
Hayleigh S. Crawford (AZ Bar No. 032326)
Joshua M. Whitaker (AZ Bar No. 032724)
Kathryn E. Boughton (AZ Bar No. 036105)
OFFICE OF THE ARIZONA
  ATTORNEY GENERAL
2005 N. Central Ave. Phoenix, AZ 85004
(602) 542-3333
Joshua.Bendor@azag.gov
Hayleigh.Crawford@azag.gov
Joshua.Whitaker@azag.gov
Kathryn.Boughton@azag.gov
ACL@azag.gov

*Counsel for State of Arizona and Arizona Attorney General Kristin K. Mayes*

The State of Arizona and Arizona Attorney General Kris Mayes (collectively "the State") oppose the motion for a partial stay of the district court's permanent injunction pending appeal (Dkt. 50) (hereafter "Motion") by Arizona Senate President Warren Petersen, Arizona House Speaker Ben Toma, and the Republican National Committee (hereafter "Movants"). The district court recently denied a similar motion for a stay pending appeal by the same parties, and its reasoning is persuasive. *See* D. Ariz. 2:22-cv-00509-SRB, Doc. 752.

The State makes three observations, explained further below:

1. A stay would serve the State's law-making interests but impair the State's law-administering interests.

2. A stay would conflict with procedures governing how this case was litigated below.

3. It is the Attorney General, not Movants, who represents the State in federal court.

These observations do not bear on whether Movants have shown likelihood of success on the merits, but instead bear on how a stay would affect the parties and the public. *See Nken v. Holder*, 556 U.S. 418, 434 (2009).

# ARGUMENT

**I.  A stay would serve the State's law-making interests but impair the State's law-administering interests.**

As Movants correctly point out, the State has an interest in defending and enforcing its duly enacted laws. *See* Motion at 14–15. Because the district court's permanent injunction prevents this enforcement, a partial stay would serve this interest.

But the State also has an interest in smoothly administering its laws, especially for elections. *See, e.g.*, *Crawford v. Marion Cnty. Election Bd.*, 553 U.S. 181, 196 (2008) (plurality opinion) (recognizing state's "interest in orderly administration" of election process). As Arizona Secretary of State Adrian Fontes explains, a partial stay of the district court's permanent injunction at this time would contravene this interest. *See generally* Dkt. 52.

Secretary Fontes' concern about stability is especially apt given the timing of the district court rulings at issue. Movants seek a stay of three rulings: one about voting for president, one about voting by mail, and one about the effect of a federal consent decree. *See* Motion at 1–2. The district court issued these rulings in September 2023 after cross-motions for summary judgment. *See id.* at 4–5. Those rulings were complex, and election

officials in Arizona have carefully incorporated them in their administration plans. A notable example is the statewide 2023 Elections Procedures Manual ("EPM"), which was published at the end of 2023 and relied on the district court's summary judgment rulings. *See* D. Ariz. 2:22-cv-00509-SRB, Doc. 698 (notice of EPM publication), Doc. 699 at 26, 28, 29, 36 (EPM pgs. 12, 14, 15, 22) (showing footnotes citing district court's rulings).

Consider, for instance, the district court's ruling that Arizona's restriction on voting by mail for federal-only voters, *e.g.*, A.R.S. § 16-127(A)(2),[1] is preempted by the National Voter Registration Act ("NVRA"). *See* Motion, Ex. B, at 12–15, 33. The 2023 EPM instructs election officials in Arizona not to enforce this statutory restriction, in light of the district court's ruling. *See* D. Ariz. 2:22-cv-00509-SRB, Doc. 699 at 28 (EPM pg. 14, n. 11). Election officials needed clarity on this issue far in advance of elections, given the procedures for voting by mail. For example, election officials generally send notices to voters who have signed up to vote by mail[2] at least

---

[1] The term "federal-only voters," as used here, means individuals who did not provide documentary proof of citizenship when registering to vote and thus may vote only in elections for federal office. *See* Motion at 3–4.

[2] Such voters are on a list known as the Active Early Voting List. *See* A.R.S. § 16-544(A).

3

90 days before the election. *See* D. Ariz. 2:22-cv-00509-SRB, Doc. 699 at 76–77 (EPM pgs. 62–63). Election officials generally send ballots to such voters at least 24 to 27 days before the election, or in some cases, at least 45 days before the election. *See id.* at 82 (EPM pg. 68).[3]

Moreover, if the district court's ruling on this issue were stayed, election officials would face practical questions relating to voters who lose the ability to vote by mail as a result. For example, when and how should such voters be notified that they can no longer vote by mail, so that they can either provide documentary proof of citizenship or plan to vote in person?

In this situation, the State's interests are better served by denying a stay and allowing the normal appellate process to play out. Movants will have an opportunity to persuade the merits panel, in due time, to reverse the district court's summary judgment rulings and the resulting permanent injunction. That process would serve the State's law-making interests as well as its law-administering interests.

---

[3] Movants seek a stay of the district court's injunction "only in connection with the November 5, 2024 general election and other subsequent elections." Motion at 1 n.1.

## II. A stay would conflict with procedures governing how this case was litigated below.

At the parties' request, the district court fast-tracked this consolidated case (which is the product of eight separate lawsuits). In the eight months after the initial case management order, the parties and the district court conducted extensive fact discovery, summary judgment proceedings, expert discovery, and a two-week bench trial. *See, e.g.*, D. Ariz. 2:22-cv-00509-SRB, Doc. 338 (initial case management order in March 2023); Doc. 479 (order setting trial for November 2023). The district court set this blistering pace because both sides had an interest in resolving this case before key election dates in 2024.

Consistent with this pace, the district court clarified before trial that the trial would *not* involve claims that might constitute alternative grounds for its summary judgment rulings. *See* D. Ariz. 2:22-cv-00509-SRB, Doc. 600 at 1. As a result of these procedures, the district court succeeded in resolving the case in early 2024.

The stay requested by Movants would partially disrupt this resolution. Some efforts made by the parties and the district court would be rendered

pointless, and some summary judgment rulings would be withdrawn without consideration of possible alternative grounds.

Consider again, for instance, the district court's ruling that Arizona's restriction on voting by mail for federal-only voters, *e.g.*, A.R.S. § 16-127(A)(2), is preempted by the NVRA. *See* Motion, Ex. B, at 12–15, 33. Because the district court concluded that this statutory restriction is preempted by the NVRA, it never addressed plaintiffs' claims that the restriction is preempted by another federal statute and that the restriction is unconstitutional. *See, e.g.*, Motion, Ex. B., at 23 n.14 (declining to address plaintiffs' claims that this restriction violates Materiality Provision of Civil Rights Act); *see also*, *e.g.*, D. Ariz. 2:22-cv-00509-SRB, Doc. 65 at 21–24 (example of plaintiff alleging that this restriction unconstitutionally burdens right to vote and violates due process). So, if the injunction against this statutory restriction were stayed, election officials would be left wondering whether other challenges to the restriction—which no court has addressed— are meritorious.

This is another reason why the normal appellate process would better serve the parties and the public. The normal process will allow Movants to make their case before the merits panel without disrupting the existing

resolution. That process would better respect the parties' efforts and the district court's efforts to reach a clear resolution in early 2024.

### III. It is the Attorney General, not Movants, who represents the State in federal court.

Two of the movants—Senate President Warren Petersen and House Speaker Ben Toma (hereafter "Legislative Leaders")—argue that Arizona law entitles them "to protect the State's sovereign interests by defending the constitutionality of Arizona's voting laws in federal court." Motion at 35. To the extent the Legislative Leaders purport to speak for the State, they are mistaken.

Arizona law is clear. Unless otherwise provided by statute, the Attorney General "*shall* . . . [r]epresent this state in *any* action in federal court." A.R.S. § 41-193(A)(3) (emphasis added). This arrangement is not new or controversial. As the U.S. Supreme Court observed decades ago: "Under Arizona law, the State Attorney General represents the State in federal court." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 51 n.4 (1997) (citing A.R.S. § 41-193(A)(3)).

This is not to say the Legislative Leaders cannot defend the challenged state laws in this case. The Legislative Leaders sought to intervene near the

7

beginning of discovery out of concern that the Attorney General would not fully defend parts of state law; no party opposed permissive intervention; and the Court granted intervention. *See* D. Ariz. 2:22-cv-00509, Docs. 348, 354, 355, 363.

In defending state laws in this case, however, the Legislative Leaders do not speak for the State as a whole. That responsibility belongs solely to the Attorney General.

Neither source of authority cited by the Legislative Leaders suggests otherwise. *See* Motion at 15–16. The first source of authority they cite—A.R.S. § 12-1841—permits the Senate President and House Speaker to intervene as parties or to file briefs in certain proceedings, but does not authorize them to represent the State as a whole. The second source of authority they cite—Ariz. Const. art. II, § 3—does not mention the Senate President or House Speaker, does not mention intervention, and is consistent

with Arizona's longstanding decision that the Attorney General represents the State in federal court.[4]

Accordingly, the State's position on Movants' request for a stay is contained in this response, not their motion. The State opposes the request.

Respectfully submitted this 3rd day of July, 2024.

>KRISTIN K. MAYES
>  ARIZONA ATTORNEY GENERAL
>
>By /s/ *Joshua M. Whitaker*
>Joshua D. Bendor
>Hayleigh S. Crawford
>Joshua M. Whitaker
>Kathryn E. Boughton
>OFFICE OF THE ARIZONA
>   ATTORNEY GENERAL
>2005 N. Central Ave.
>Phoenix, AZ 85004
>(602) 542-3333
>Joshua.Bendor@azag.gov
>Hayleigh.Crawford@azag.gov
>Joshua.Whitaker@azag.gov
>Kathryn.Boughton@azag.gov
>ACL@azag.gov
>
>*Counsel for State of Arizona and Arizona Attorney General Kristin K. Mayes*

---

[4] Moreover, the Legislative Leaders are represented in this appeal by attorneys who also represent a political party, the third Movant. *See* Motion at i–ii. The interests of a political party may differ from the sovereign interests of the State.

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,613 words according to the word-processing system used to prepare the brief.

2. This brief complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Book Antiqua type style.

Dated this 3rd day of July, 2024.

By <u>*/s/ Joshua M. Whitaker*</u>

## CERTIFICATE OF SERVICE

I certify that I presented the above and foregoing for filing and uploading to the ACMS system which will send electronic notification of such filing to all counsel of record.

Dated this 3rd day of July, 2024.

/s/ Joshua M. Whitaker