No. 24-3188

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MI FAMILIA VOTA, *et al.*,

*Plaintiffs-Appellees*,

*v.*

ADRIAN FONTES, *et al.*,

*Defendants-Appellants*,

WARREN PETERSEN, *et al.*,

*Intervenor-Defendants-Appellants*.

On Appeal from the United States District Court
for the District of Arizona, No. 2:22-CV-00509 (Bolton, J.)

## NON-U.S. PLAINTIFFS' OPPOSITION TO REPUBLICAN PARTY OF ARIZONA'S MOTION TO INTERVENE

Elisabeth C. Frost
Christopher D. Dodge
Daniela Lorenzo
Qizhou Ge
ELIAS LAW GROUP LLP
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Phone: (202) 968-4513
Facsimile: (202) 968-4498
efrost@elias.law
cdodge@elias.law
dlorenzo@elias.law
age@elias.law

Roy Herrera
Daniel A. Arellano
Jillian L. Andrews
HERRERA ARELLANO LLP
1001 North Central Avenue
Suite 404
Phoenix, Arizona 85004-1935
Phone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

*Attorneys for Plaintiffs Mi Familia Vota and Voto Latino*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................... ii

INTRODUCTION ................................................................1

RELEVANT ADDITIONAL BACKGROUND .......................................3

LEGAL STANDARD ............................................................4

ARGUMENT ...................................................................5

    I.    AZ GOP's motion to intervene is untimely. .........................6

    II.   AZ GOP fails to satisfy the remaining requirements for intervention as of right. ...............................................................11

    III.  The Court should deny AZ GOP's motion for permissive intervention...........................................................16

CONCLUSION ................................................................19

CERTIFICATE OF COMPLIANCE ............................................25

CERTIFICATE OF SERVICE ...............................................26

# TABLE OF AUTHORITIES

**Cases**                                                   **Page(s)**

*Acree v. Republic of Iraq*,
370 F.3d 41 (D.C. Cir. 2004) ................................................................8

*Alaska v. Suburban Propane Gas Corp.*,
123 F.3d 1317 (9th Cir. 1997) ...........................................................10

*Aleut Corp. v. Tyonek Native Corp.*,
725 F.2d 527 (9th Cir. 1984) ...............................................................6

*Allen v. AT&T Mobility Servs., LLC*,
104 F.4th 212 (11th Cir. 2024) ..........................................................11

*Allen v. Oakland Police Officers Ass'n*,
825 F. App'x 450 (9th Cir. 2020) .......................................................11

*Associated Builders & Contractors, Inc. v. Herman*,
166 F.3d 1248 (D.C. Cir. 1999) .......................................................7, 8

*Bates v. Jones*,
127 F.3d 870 (9th Cir. 1997) ............................................................4, 5

*Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*,
309 F.3d 1113 (9th Cir. 2002) ...........................................................16

*Calvert v. Huckins*,
109 F.3d 636 (9th Cir. 1997) ...............................................................6

*Cameron v. EMW Women's Surgical Ctr., P.S.C.*,
595 U.S. 267 (2022) .................................................................9, 10, 12

*Clarke v. Baptist Mem'l Healthcare Corp.*,
641 F. App'x 520 (6th Cir. 2016) .......................................................10

*E. Bay Sanctuary Covenant v. Biden*,
102 F.4th 996 (9th Cir. 2024) ..............................................................4

*Garrett v. United States*,
511 F.2d 1037 (9th Cir. 1975) ...........................................................16

*GemCap Lending I, LLC v. Taylor*,
    677 F. App'x 351 (9th Cir. 2017) ......................................................... 6

*Hollingsworth v. Perry*,
    570 U.S. 693 (2013) ....................................................................... 12

*League of United Latin Am. Citizens v. Wilson*,
    131 F.3d 1297 (9th Cir. 1997) ................................................. 6, 11, 16

*Cal. ex rel. Lockyer v. United States*,
    450 F.3d 436 (9th Cir. 2006) ............................................................. 11

*Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*,
    No. CV-20-00446-PHX-MTL, 2022 WL 2916042 (D. Ariz. July
    25, 2022) .......................................................................................... 7

*NAACP v. New York*,
    413 U.S. 345 (1973) .................................................................... 7, 11

*Officers for Justice v. Civil Serv. Comm'n of San Francisco*,
    934 F.2d 1092 (9th Cir. 1991) ............................................................ 7

*One Wis. Inst., Inc. v. Nichol*,
    310 F.R.D. 394 (W.D. Wis. 2015) ................................................... 17

Order, *DNC v. Hobbs*,
    No. 2:22-cv-1369-DJH (D. Ariz. Aug. 16, 2022), Dkt. No. 18 ......... 2

*Pellegrino v. Nesbit*,
    203 F.2d 463 (9th Cir. 1953) ........................................................... 11

*Perry v. Proposition 8 Off. Proponents*,
    587 F.3d 947 (9th Cir. 2009) ................................................. 4, 15, 18

*PEST Comm. v. Miller*,
    648 F. Supp. 2d 1202 (D. Nev. 2009) .............................................. 17

*Prete v. Bradbury*,
    438 F.3d 949 (9th Cir. 2006) ........................................................... 19

*S. Cal. Edison Co. v. Lynch*,
    307 F.3d 794 (9th Cir. 2002) ........................................................... 13

*United States v. Alisal Water Corp.*,
370 F.3d 915 (9th Cir. 2004) ............................................................5, 18

*United States v. Los Angeles*,
288 F.3d 391 (9th Cir. 2002) ...................................................................5

*United States v. Oregon*,
745 F.2d 550 (9th Cir. 1984) ...................................................................6

*United States v. Washington*,
86 F.3d 1499 (9th Cir. 1996) ...............................................................8, 10, 18

*Yniguez v. Arizona*,
939 F.2d 727 (9th Cir. 1991) ...............................................................9, 11, 12

## Other Authorities

Fed. R. Civ. P. 24 ...............................................................................*passim*

## INTRODUCTION

Intervention on appeal is rare and should only be granted in unique and imperative circumstances, such as when it becomes clear on appeal that an existing party will fail to adequately represent a proposed intervenor's interests or when no existing party appeals. Neither is true here. Existing parties with *identical* interests to the Arizona Republican Party ("AZ GOP") are already parties to the case and have filed appeals after vigorously litigating the issues below for years. These include Republican-aligned intervenors who have long been parties to this case: the national party committee for the Republican Party (the "RNC") and the Republican leaders of the Arizona Legislature (the "Legislative Intervenors"). The appeals process is already well underway, with opening merits briefs now due in a matter of days. *See* ECF No. 76.1.

AZ GOP has known about this litigation from the outset. In fact, it initially moved to intervene in the district court nearly two years ago, together with the RNC. Mot. to Intervene, *Mi Familia Vota v. Fontes*, No. 2:22-cv-00509-SRB (D. Ariz. May 12, 2022), Dkt. No. 24.[1] The district court denied the motion without prejudice to renew if circumstances changed. D. Ct. Dkt. No. 57. The RNC accepted this invitation and moved again to intervene when the Democratic National Committee

---

[1] Subsequent citations to *Mi Familia Vota v. Fontes*, No. 2:22-cv-00509-SRB will be cited as "D. Ct. Dkt. No."

became involved, and the district court granted that motion. RNC's Mot. to Intervene, *DNC v. Hobbs*, No. 2:22-cv-1369-DJH (D. Ariz. Aug. 16, 2022), Dkt. No. 10; Order, *DNC v. Hobbs*, No. 2:22-cv-1369-DJH (D. Ariz. Aug. 24, 2022), Dkt. No. 18. AZ GOP did not join in that motion, nor did it ever ask the district court to reconsider its participation. Instead, AZ GOP proceeded to sit on the sidelines for *twenty months* while the parties—including numerous Plaintiffs from eight consolidated cases, several different Arizona state officials, and the RNC and Legislative Intervenors—exhaustively litigated the case. Only once the district court entered final judgment, more than two years after the case began, did AZ GOP again move to intervene, filing a motion with the court below. D. Ct. Dkt. No. 721.

AZ GOP only passingly acknowledges this earlier effort, *see* ECF No. 63.1 ("Mot.") at 6, and neglects to mention at all that it moved jointly at that time with the RNC. Its current motion fails to explain why the RNC—with whom AZ GOP has said it shares *identical* interests—no longer adequately represents its interests here or why AZ GOP failed to move again at the same time as the RNC. It also makes no attempt to explain why two of its own party members with leading roles in state government—the Legislative Intervenors—do not adequately represent its interests. The district court properly denied the motion below for lack of jurisdiction. D. Ct. Dkt. No. 752. This Court should now deny AZ GOP's request on the merits.

AZ GOP's inexplicable delay, as well as its failure to explain why these pre-existing parties are inadequate to offer the "local perspective" purportedly requiring its intervention, are each independently fatal to its motion. Not only did AZ GOP long acquiesce to the existing intervenors representing its interests during the trial proceedings below, but there is also every indication that the existing Republican-aligned intervenors will continue their zealous efforts to defeat Plaintiffs' claims, as they have done for nearly two years now. Nowhere does AZ GOP explain why this case now requires a *third* Republican-aligned intervenor, which threatens only to complicate the appeal and produce duplicative briefing.

If it seeks merely to supplement briefing of existing parties on the same issues, AZ GOP can easily accomplish that by submitting an amicus brief.

## RELEVANT ADDITIONAL BACKGROUND

This action commenced on March 31, 2022. *See* D. Ct. Dkt. No. 1. In the ensuing two-plus years, the district court consolidated eight separate actions, permitted several parties to intervene (including the RNC and the Legislative Intervenors), resolved over fifty motions, issued an order on partial summary judgment, and held a two-week trial that concluded nearly seven months ago. The district court entered final judgment on May 2, 2024. D. Ct. Dkt. No. 720. The RNC and Legislative Intervenors noticed their appeals within a week, *see* D. Ct. Dkt. No. 723, and Defendants' merits briefs are presently due on July 25. ECF No. 76.1. AZ

GOP waited until the district court issued final judgment to seek to intervene again, roughly two years after its initial motion. *See* D. Ct. Dkt. No. 721. After that motion was denied on jurisdictional grounds, AZ GOP filed its motion to intervene with this Court.

## LEGAL STANDARD

While there's no "general standard" set forth in any statute or rule that governs intervention on appeal, the Ninth Circuit has made clear that intervention on appeal is reserved for "unusual" situations, and only permitted for "imperative reasons." *Bates v. Jones*, 127 F.3d 870, 873 (9th Cir. 1997); *see also E. Bay Sanctuary Covenant v. Biden*, 102 F.4th 996, 1000 (9th Cir. 2024) (same). In addition, appellate courts generally consider the factors set forth in Federal Rule of Civil Procedure 24 in considering a motion to intervene on appeal. *See, e.g.*, *E. Bay Sanctuary Covenant*, 102 F.4th 996 at 1001; *Bates*, 127 F.3d at 873.

Thus, for intervention as of right, the movant must show that: (1) its motion is timely; (2) it has a significantly protectable interest relating to the transaction that is the subject of the action; (3) the disposition of the action may impair or impede its ability to protect that interest; and (4) that interest is not adequately represented by existing parties. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 950 (9th Cir. 2009) (citing Fed. R. Civ. P. 24(a)). The applicant seeking intervention "bears the

burden of showing that *all* the requirements for intervention have been met." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004).

Rule 24(b) allows permissive intervention at a court's discretion, but only if the proposed intervenor files a timely motion showing that their claims share a "common question of law or fact" with the main action and if the intervention does not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b); *United States v. Los Angeles*, 288 F.3d 391, 403 (9th Cir. 2002).

## ARGUMENT

This Court should deny AZ GOP's motion to intervene, both as of right and permissively. AZ GOP's meager showing falls far short of what Rule 24 requires, and certainly does not identify any "imperative reasons" for its participation at this late hour. *Bates*, 127 F.3d at 873. To start, the motion is untimely. After initially failing to successfully intervene, AZ GOP chose to sit on the sidelines for years while other Republican-aligned intervenors vigorously litigated the case through the Rule 12(b) stage, expedited discovery, summary judgment practice, and a ten-day bench trial. Second, AZ GOP advances no distinct or even clearly and specifically articulated interests in the outcome of this case and, regardless, any such interests are already fully represented by the existing Republican-aligned parties, who continue to strenuously contest Plaintiffs' claims and the district court's final

judgment. Finally, AZ GOP's participation at this late stage would prejudice existing parties and unnecessarily complicate the expeditious resolution of this appeal.

## I.     AZ GOP's motion to intervene is untimely.

The motion to intervene is untimely, a fact that on its own precludes intervention under both Rule 24(a) and 24(b). The Ninth Circuit considers three factors in determining timeliness in this context: (1) the stage of the proceedings at the time of the motion; (2) the prejudice to other parties if the motion is granted; and (3) the reason for and length of the delay. *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (citation omitted); *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir. 1984). Each factor supports finding that AZ GOP's motion is untimely.

First, the motion comes at an extremely late stage in these proceedings, after extensive trial proceedings and nearly two years after AZ GOP initially attempted to intervene in this case. Simply put, AZ GOP's belated renewed effort to intervene after "several years of litigation [is] not timely." *Aleut Corp. v. Tyonek Native Corp.*, 725 F.2d 527, 530 (9th Cir. 1984); *see also GemCap Lending I, LLC v. Taylor*, 677 F. App'x 351, 352 (9th Cir. 2017) (affirming conclusion that motion to intervene was untimely when filed roughly two years after complaint).

Second, post-judgment intervention is "generally disfavored" because it creates "delay and prejudice to existing parties." *Calvert v. Huckins*, 109 F.3d 636,

638 (9th Cir. 1997) (citation omitted); *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d 1248, 1257 (D.C. Cir. 1999) (noting the "presumption that post-judgment motions to intervene will be denied"). This case illustrates why. Granting AZ GOP's belated request for intervention would allow it to avoid the discovery and trial obligations borne by the existing parties below and further risks introducing new arguments on appeal, unnecessarily complicating these appellate proceedings.

Finally, no good reason exists for AZ GOP's lengthy delay. AZ GOP has been aware of this lawsuit since its inception. Indeed, AZ GOP tried once before to intervene with the RNC, but the lower court denied its motion. D. Ct. Dkt. Nos. 24, 57. While the RNC moved promptly to seek intervention again after circumstances changed, *see* RNC's Mot. to Intervene, *DNC v. Hobbs*, No. 2:22-cv-1369-DJH (D. Ariz. Aug. 16, 2022), Dkt. No. 10, AZ GOP chose to sit on its hands for two years while the litigation played out. AZ GOP "could have sought intervention at any time early in this case," but it "did not." *Meridian PO Fin. LLC v. OTR Tire Grp. Inc.*, No. CV-20-00446-PHX-MTL, 2022 WL 2916042, at *2 (D. Ariz. July 25, 2022) (denying motion to intervene after "fact discovery [had] closed" and several months before close of expert discovery). Given its awareness of this case, "it was incumbent upon" AZ GOP "to take immediate affirmative steps to protect [its] interests" by re-filing an "immediate motion to intervene." *NAACP v. New York*, 413 U.S. 345, 367 (1973); *see also Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934

F.2d 1092, 1095 (9th Cir. 1991) (noting timeliness is determined by date proposed intervenor should have been aware its interests would not be adequately represented by existing parties).

AZ GOP has offered no explanation for its inexcusable delay. Instead, AZ GOP attempts to avoid this conclusion by arguing that it seeks to intervene only for purposes of appeal. Mot. at 11. But post-judgment intervention for purposes of appeal is only timely when the "prospective intervenor's interest did not arise until the appellate stage" or where "no existing party chooses to appeal the judgment of the trial court." *Acree v. Republic of Iraq*, 370 F.3d 41, 50 (D.C. Cir. 2004), *abrogated on other grounds by Republic of Iraq v. Beaty*, 556 U.S. 848 (2009). Neither scenario applies here. AZ GOP offers no reason to conclude that its interests only arose on appeal, and no such reason exists. Its failure to address this critical issue on its own requires rejection of its motion. *See, e.g.*, *United States v. Washington*, 86 F.3d 1499, 1505 (9th Cir. 1996) (affirming denial of post-judgment motion to intervene where movant "did not present satisfactory reasons for its substantial delay in filing the motion to intervene"); *Associated Builders & Contractors, Inc. v. Herman*, 166 F.3d at 1257 (affirming denial of post-judgment motion to intervene where party "offer[ed] no reason whatsoever for its failure to intervene prior to judgment").

Nor can AZ GOP say that it must intervene at the appellate stage because the existing parties have abandoned the appeal or have ceased defending the challenged laws. Indeed, AZ GOP is attempting to intervene *in the appeal filed by* the two existing Republican-aligned intervenors.[2] That markedly distinguishes this case from unique scenarios where a party has been permitted to intervene on appeal because an existing party chose to stand down. *E.g.*, *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 280 (2022) (finding that the "attorney general's need to seek intervention did not arise until the secretary ceased defending the state law, and the timeliness of his motion should be assessed in relation to that point in time"); *Yniguez v. Arizona*, 939 F.2d 727, 734 (9th Cir. 1991) (finding a post-judgment motion to intervene timely when the existing defendant chose not to appeal and the proposed intervenors did not realize the inadequacy of representation until late in the proceedings).

The cases AZ GOP relies upon do not support its position here. Each concerned circumstances where an existing party failed to pursue an appeal or where the need for intervention did not arise until after judgment had already been entered. In *Cameron*, for example, the Kentucky Attorney General moved to intervene after judgment because the existing defendant—the Kentucky Secretary of State—

---

[2] The State of Arizona and Attorney General also noticed an appeal after AZ GOP filed its motion below. *See* D. Ct. Dkt. No. 739. Their appeal is limited to a single issue. *Id.*

declined to seek a writ of certiorari from an adverse appellate decision. *See* 595 U.S. at 273. Here, the existing Republican-affiliated intervenors have already noticed and are actively pursuing an appeal of the district court's final judgment.[3] *See* D. Ct. Dkt. No. 723; *see also Washington*, 86 F.3d at 1505 (declining to apply more lenient timeliness standard where existing party represented that it would appeal and did so).

The remaining two cases cited by AZ GOP concern a rule unique to class actions, namely that "[f]or the limited purpose of intervention to appeal from denial of class certification," the "proper stage of the proceedings to intervene is after final judgment." *Alaska v. Suburban Propane Gas Corp.*, 123 F.3d 1317, 1320 (9th Cir. 1997) (citing *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394–95 (1977)); *see also Clarke v. Baptist Mem'l Healthcare Corp.*, 641 F. App'x 520, 523 (6th Cir. 2016) (same). Unlike AZ GOP, which could have moved to intervene at a much earlier stage of the proceedings, proposed intervenors who seek to appeal an adverse class determination can only do so after entry of final judgment, once it is "clear. . . that the interests of the unnamed class members would no longer be protected" by existing parties. *Clarke*, 641 F. App'x at 523 (quoting *McDonald*, 432 U.S. at 393–

---

[3] *Cameron* is also unique because the party seeking to intervene on appeal—the Attorney General—was bound by the district court's judgment due to earlier involvement in the case. *See* 595 U.S. at 274. AZ GOP is in no way bound by the district court's final judgment here, which is directed towards Defendants tasked with administering Arizona election law. *See generally* D. Ct. Dkt. No. 720.

94). Those cases have no application here. *See Allen v. AT&T Mobility Servs., LLC*, 104 F.4th 212, 218 (11th Cir. 2024) (Jordan, J., concurring) (explaining the limited scope of this case law).

Because the motion to intervene is not timely, the Court need not consider the other factors and should reject the motion on this basis alone. *See NAACP v. New York*, 413 U.S. at 369; *League of United Latin Am. Citizens*, 131 F.3d at 1302; *see also Allen v. Oakland Police Officers Ass'n*, 825 F. App'x 450, 452–53 (9th Cir. 2020) (noting "untimeliness is dispositive without regard to the other Rule 24(a) factors, and is controlling on permissive intervention").

## II. AZ GOP fails to satisfy the remaining requirements for intervention as of right.

AZ GOP also fails to show that it has significant protectable interests in this action that would be impaired by an adverse ruling, or that such interests are not already adequately represented by existing parties—including the RNC and the Legislative Intervenors. As a result, it is not entitled to intervene as a matter of right.

To intervene, parties must demonstrate a direct and specific interest in an action. *See Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006). A "philosophical interest in the outcome of litigation is insufficient" for intervention to appeal. *Yniguez*, 939 F.2d at 732. And, where intervention is sought after final judgment, the intervenor must show "it is necessary to preserve some right which cannot otherwise be protected," *Pellegrino v. Nesbit*, 203 F.2d 463, 465 (9th Cir.

- 11 -

1953), or that an existing party with similar interests has failed to appeal or no longer defends those interests, *Yniguez*, 939 F.2d at 731, 737. Neither is true here.

First, AZ GOP lacks a significant protectable interest in this action. The district court has not ordered AZ GOP "to do or refrain from doing anything," *Hollingsworth v. Perry*, 570 U.S. 693, 705 (2013), and the judgment otherwise causes them no legally protectable, cognizable harm. *Id.* at 705-06 (under such circumstances, would-be intervenors lacked "any direct stake in the outcome" of an appeal and merely expressed a "generalized grievance"). Here, the final judgment and permanent injunction entered by the district court order do not bind AZ GOP, and do not order them to do or not do anything. Nor does AZ GOP have any authority or role in enforcing the enjoined provisions such that it might have a direct stake in the appeal. *Cf. Cameron*, 595 U.S. at 277–78; *Hollingsworth*, 570 U.S. at 706–07. Not only has AZ GOP failed to identify any concrete harm it would suffer, but any "harm" that would follow to AZ GOP from the judgment is also entirely speculative. Nowhere does AZ GOP explain how the outcome of this appeal impacts its interests in "promot[ing] and protect[ing] Republican Party principles and policies," "assist[ing] Republican candidates in elections," or "training and assisting members, volunteers, voters, and workers in complying with election rules and procedures." Mot. at 7–8. AZ GOP simply dislikes how the proceedings turned out and disagrees with the district court's ruling on the merits. But AZ GOP's mere disagreement with

the district court's order is not sufficient to confer a legally protectable interest for appellate intervention. "[A]n undifferentiated, generalized interest in the outcome of an ongoing action is too porous a foundation on which to premise intervention as of right." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Public Serv. Co. of N.H. v. Patch*, 136 F.3d 197, 205 (1st Cir. 1998)).

Second, AZ GOP's asserted interests are adequately represented by existing parties. AZ GOP claims the exact same interests that the RNC raised when it successfully renewed its motion to intervene before the district court, including that that it "promote[s] and protect[s] Republican Party principles and policies, as well as assist[s] Republican candidates in elections for federal, state, and local offices" and thus has an interest in "laws that affect election rules and procedures" and laws that "promote fair and orderly elections." *Compare* Mot. at 7–8, *with* D. Ct. Dkt. No. 24 at 3, 6 (describing RNC's support for "Republican candidates for public office at all levels" and its interests in this litigation as interests in "fair and reliable elections," "the integrity of the election process," and "election rules")*.* Their overlapping interests are further underscored by the fact that the RNC and AZ GOP first moved to intervene *together* and presented *identical* interests, jointly referring to themselves as "Republican Party organizations" with the same shared interests. *See* D. Ct. Dkt. No. 24 at 5–8. AZ GOP did not assert any distinct interests from the RNC in that original motion and, when the RNC shortly thereafter moved again to intervene, AZ

GOP was content to let it do so alone. Presumably this was because it knew the RNC would adequately represent their shared interests.

Now, AZ GOP makes a weak effort to try to manufacture some daylight between it and the existing Republican intervenors' interests, baselessly claiming it is entitled to intervention because it is "more focused on state and local elections as opposed to national and federal elections" and provides a "local perspective." Mot. at 10. The implication that the national party committee for the Republican Party is so unconcerned with down-ticket races in Arizona that it cannot be relied upon to represent AZ GOP's interests in those elections is dubious at best. Indeed, the RNC's and AZ GOP's proffered mission statements are nearly indistinguishable on this point. *Compare* D. Ct. Dkt. No. 24 at 3 (stating RNC "supports Republican candidates for public office at all levels"), *with* Mot. at 7–8 (stating AZ GOP "serves to promote and protect Republican Party principles and policies, as well as assist Republican candidates in elections for federal, state, and local offices"). The fact that AZ GOP can offer no better explanation of its unique interests in this case— even after the non-U.S. Plaintiffs pointed out this shortcoming in their motion below—underscores how far short it falls from making the necessary showing to intervene. *See* D. Ct. Dkt. No. 735 at 10–11.

AZ GOP also continues to ignore that the Republican leaders of the Arizona Legislature are already parties to this case. Speaker Toma and President Petersen

have already raised the same concerns that the current Attorney General may not represent their views and expressed their interest in defending "voting and elections" statutes. *Compare* D. Ct. Dkt. No. 348 at 2, 11 (expressing concerns that the "Attorney General [] may not fully defend the constitutionality of the two state statutes" and stating Legislative Intervenors' shared interest in "defending the constitutionality of Arizona statutes regarding voting and elections"), *with* Mot. at 8, 10 (claiming that the "Attorney General inadequately represents the interests of the AZ GOP" and stating AZ GOP's interest in "laws that affect election rules [and] fair and orderly elections"). Speaker Toma and President Petersen have vigorously defended the challenged laws since they were granted intervention on April 26, 2023, D. Ct. Dkt. No. 363, and are actively pursuing the appeal, D. Ct. Dkt. No. 723. AZ GOP makes no effort to explain why its "local interests" are not adequately represented by the Legislative Intervenors, much less that it is so poorly represented that this matter now requires a *third* Republican-affiliated intervenor.

These are critical deficiencies, as the "most important factor to determine whether a proposed intervenor is adequately represented by a present party to the action is how the [intervenor's] interest compares with the interests of existing parties." *Perry*, 587 F.3d at 950–51 (citation omitted). As explained, those interests are *identical* here, and AZ GOP does little to make the "compelling showing" to justify intervention under such circumstances. *See id.* at 952 (explaining intervenor

must make a "compelling showing" to warrant intervention where an existing party shares "interests [that] are essentially identical" (citing *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003)). AZ GOP's conclusory and speculative assertion that its "interests will be adversely affected by an adverse ruling on appeal," Mot. at 8, is not enough. *See, e.g.*, *Garrett v. United States*, 511 F.2d 1037, 1038 (9th Cir. 1975) (per curiam) (affirming denial of intervention where party raised only "conclusory allegations" in support of intervention).

In sum, because AZ GOP fails to carry its "burden to show that no existing party adequately represents its interests," *Cal. Dep't of Toxic Substances Control v. Com. Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2002), the motion to intervene must be denied.

## III. The Court should deny AZ GOP's motion for permissive intervention.

AZ GOP's request should be denied under the Rule 24(b) factors for permissive intervention as well. "As with motions for intervention as of right, '[a] finding of untimeliness defeats a motion for permissive intervention.'" *League of United Latin Am. Citizens*, 131 F.3d at 1308 (quoting *Washington,* 86 F.3d at 1507). And under Rule 24(b), courts "analyze the timeliness element more strictly than . . . with intervention as of right." *Id.* AZ GOP's failure to act in a timely manner—or offer any explanation for its extraordinary delay, much less a compelling one—thus requires denying intervention on a permissive basis too. *See supra* § I.

In addition, AZ GOP is more than adequately represented by existing parties. *See supra* § II. And where a proposed intervenor fails to overcome the presumption of adequate representation, "the case for permissive intervention disappears." *One Wis. Inst., Inc. v. Nichol*, 310 F.R.D. 394, 399 (W.D. Wis. 2015) (quoting *Menominee Indian Tribe of Wis. v. Thompson*, 164 F.R.D. 672, 678 (W.D. Wis. 1996)). AZ GOP's intervention would only delay proceedings, increase litigation costs, and prejudice the existing parties. *See PEST Comm. v. Miller*, 648 F. Supp. 2d 1202, 1214 (D. Nev. 2009) (denying permissive intervention because proposed intervenors' interests were adequately represented by existing parties and "adding [proposed intervenors] as parties would unnecessarily encumber the litigation"); D. Ct. Dkt. No. 57 at 5 (concluding from experience that intervention would "unnecessarily delay this time-sensitive proceeding").

AZ GOP passingly tosses out a few stray considerations in support of its request for intervention, *see* Mot. at 13–14, but none moves the needle. First, notwithstanding its two-sentence argument to the contrary, AZ GOP lacks any concrete interest in the outcome of this action. *See supra* § II. Second, while AZ GOP claims that it "will not add a question of law or fact to this case," Mot. at 13, that is far from guaranteed given that it has not yet had to stake out a position in this years-long case. It also raises the question why AZ GOP would benefit from participating as a party at all, if that is true. *See supra* § II. Third, AZ GOP contends

that the Attorney General's change in litigation position—an event that happened *eighteen months ago*—"materially affects the AZ GOP," Mot. at 13, but it fails to explain why it did not take earlier action when the Attorney General's position shift became apparent, as the Legislative Intervenors did. *See supra* § I. Nor does it explain why that concern is not resolved by the intervention of the two existing Republican-aligned appellants who have filed their own notices of appeal and indicated they intend to broadly litigate issues that the Attorney General might not in her own appeal. Indeed, their mediation questionnaire makes clear they intend to challenge each of the district court's rulings in Plaintiffs' favor. *See* ECF No. 8 at 2. In short, AZ GOP raises no issues that give reason to believe that its intervention is needed at this stage.

Even if AZ GOP satisfied the requirements for permissive intervention, rejection of the motion in the exercise of this Court's discretion would still be warranted because permitting intervention by AZ GOP would prejudice existing parties by unduly delaying and complicating the case. *Perry*, 587 F.3d at 956. The participation of AZ GOP in the appeals process, after its failure to participate in the trial proceedings below, would "complicate the issues and prolong the litigation." *Washington*, 86 F.3d at 1504. By seeking to intervene at the appeals stage, AZ GOP either (1) seeks to "inject new issues into the litigation that at this late date would prejudice the parties," *United States v. Alisal Water Corp.*, 370 F.3d at 922 (cleaned

up), or (2) will duplicate briefing by existing parties and would thus fail to contribute anything additional to the development of the case. Intervention at this stage would also allow AZ GOP to evade discovery obligations it would have had to satisfy had it intervened in a timely manner below. The Court thus has a strong basis for exercising its discretion to deny intervention here.

If AZ GOP seeks merely to brief issues on appeal, it can just as effectively supplement the efforts of existing parties or highlight arguments that may otherwise escape consideration by filing an amicus brief. *See Prete v. Bradbury*, 438 F.3d 949, 960 n.18 (9th Cir. 2006).

## CONCLUSION

The Court should deny AZ GOP's motion to intervene.

July 22, 2024

Respectfully submitted,

*/ Christopher D. Dodge*

**HERRERA ARELLANO LLP**
Roy Herrera
Daniel A. Arellano
Jillian L. Andrews
1001 North Central Avenue
Suite 404
Phoenix, AZ 85004-1935
Telephone: (602) 567-4820
roy@ha-firm.com
daniel@ha-firm.com
jillian@ha-firm.com

**ELIAS LAW GROUP LLP**
Elisabeth C. Frost
Christopher D. Dodge
Daniela Lorenzo
Qizhou Ge
250 Massachusetts Ave NW
Suite 400
Washington, DC 20001
Telephone: (202) 968-4513
Facsimile: (202) 968-4498
efrost@elias.law
cdodge@elias.law

dlorenzo@elias.law
age@elias.law

***Attorneys for Plaintiffs Mi Familia Vota and Voto Latino***

Filed with the consent of counsel for non-U.S. Plaintiffs listed below.

/ *Ernest Herrera*

**ORTEGA LAW FIRM**
Daniel R. Ortega Jr.
361 East Coronado Road, Suite 101
Phoenix, AZ 85004-1525
Telephone: (602) 386-4455
danny@ortegalaw.com

**MEXICAN AMERICAN LEGAL DEFENSE AND EDUCATIONAL FUND**
Ernest Herrera
Erika Cervantes
634 South Spring Street, 11th Floor
Los Angeles, CA 90014
Telephone: (213) 629-2512
Facsimile: (213) 629-0266
eherrera@maldef.org
ecervantes@maldef.org

***Attorneys for Promise Arizona and Southwest Voter Registration Education Project***

/ *John A. Freedman*

**FAIR ELECTIONS CENTER**
Jon Sherman
Michelle Kanter Cohen
Beauregard Patterson
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
bpatterson@fairelectionscenter.org

**ARNOLD & PORTER KAYE SCHOLER, LLP**
John A. Freedman
Jeremy Karpatkin
Erica McCabe
Leah Motzkin
601 Massachusetts Ave., N.W.
Washington, D.C. 20001
Telephone: (202) 942-5000
John.Freedman@arnoldporter.com
Jeremy.Karpatkin@arnoldporter.com
Erica.McCabe@arnoldporter.com
Leah.Motzkin@arnoldporter.com

**ARIZONA CENTER FOR LAW IN THE PUBLIC INTEREST**

Leah R. Novak
Andrew Hirschel

- 20 -

Daniel J. Adelman
352 E. Camelback Rd., Suite 200
Phoenix, AZ 85012
Telephone: (602) 258-8850
danny@aclpi.org

250 West 55th Street
New York, NY 10019
Leah.Novak@arnoldporter.com
Telephone: (212) 836-8000
Andrew.Hirschel@arnoldporter.com

*Attorneys for Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund*

/s/ Niyati Shah

**ASIAN AMERICANS ADVANCING JUSTICE-AAJC**
Niyati Shah
Terry Ao Minnis
1620 L Street NW, Suite 1050
Washington, DC 20036
Telephone: (202) 296-2300
Facsimile: (202) 296-2318
nshah@advancingjustice-aajc.org
tminnis@advancingjustice-aajc.org

**LATHAM & WATKINS LLP**
Sadik Huseny
Amit Makker
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-6538
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
sadik.huseny@lw.com
amit.makker@lw.com

**SPENCER FANE**
Andrew M. Federhar
2415 East Camelback Road, Suite 600
Phoenix, AZ 85016
Telephone: (602) 333-5430
Facsimile: (602) 333-5431
afederhar@spencerfane.com

*Attorneys for Plaintiff Arizona Asian American Native Hawaiian and Pacific Islander for Equity Coalition*

/ Danielle Lang

**BARTON MENDEZ SOTO**
James Barton
401 W. Baseline Road
Suite 205
Tempe, AZ 85283
Telephone: 480-418-0668

**CAMPAIGN LEGAL CENTER**
Danielle Lang
Jonathan Diaz
Brent Ferguson
Kathryn Huddleston
1101 14th St. NW, Suite 400

james@bartonmendezsoto.com

Washington, D.C. 20005
Telephone: (202) 736-2200
dlang@campaignlegalcenter.org
jdiaz@campaignlegalcenter.org
bferguson@campaignlegelcenter.org
khuddleston@campaignlegalcenter.org

**DEPARTMENT OF JUSTICE**
**SAN CARLOS APACHE TRIBE**
Alexander B. Ritchie
Attorney General
Chase A. Velasquez
Assistant Attorney General
Post Office Box 40
16 San Carlos Ave.
San Carlos, AZ 85550
Alex.Ritchie@scat-nsn.gov
Chase.Velasquez@scat-nsn.gov

**FREE SPEECH FOR PEOPLE**
Courtney Hostetler
John Bonifaz
Ben Clements
Ronald Fein
1320 Centre Street, Suite 405
Newton, MA 02459
Telephone: (617) 249-3015
chostetler@freespeechforpeople.org
jbonifaz@freespeechforpeople.org
bclements@freespeechforpeople.org
rfein@freespeechforpeople.org

**MAYER BROWN LLP**
Lee H. Rubin
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA 94306-2112
Telephone: (650) 331-2000
lrubin@mayerbrown.com

Gary A. Isaac
Daniel T. Fenske
William J. McElhaney, III
71 S. Wacker Drive
Chicago, IL 60606
Telephone: (312) 782-0600
dfenske@mayerbrown.com
gisaac@mayerbrown.com

Rachel J. Lamorte
1999 K Street NW
Washington, DC 20006

Telephone: (202) 362-3000
rlamorte@mayerbrown.com

*Attorneys for Living United for Change in Arizona, League of United Latin American Citizens, Arizona Students' Association, ADRC Action, Inter Tribal Council of Arizona, Inc., San Carlos Apache Tribe, and Arizona Coalition for Change*

*/ Joshua J. Messer*

**OSBORN MALEDON, P.A.**
David B. Rosenbaum
Joshua J. Messer
2929 North Central Avenue, 21st Floor
Phoenix, Arizona 85012-2793
(602) 640-9000
drosenbaum@omlaw.com
jmesser@omlaw.com

**LAWYERS COMMITTEE FOR CIVIL RIGHTS UNDER LAW**
Ezra Rosenberg
Ryan Snow
1500 K Street NW, Suite 900
Washington, DC 20005
Telepone: (202) 662-8600
erosenberg@lawyerscommittee.org
rsnow@lawyerscommittee.org

**GILA RIVER INDIAN COMMUNITY**
Javier G. Ramos
Post Office Box 97
Sacaton, Arizona 85147
Telephone: (520) 562-9760
javier.ramos@gric.nsn.us
*Representing Gila River Indian Community Only*

**NATIVE AMERICAN RIGHTS FUND**
Allison A. Neswood
Michael S. Carter
Matthew Campbell
Jacqueline D. DeLeon
250 Arapahoe Ave.
Boulder, CO 80302
Telephone: (303) 447-8760
neswood@narf.org
carter@narf.org
mcampbell@narf.org
jdeleon@narf.org

Samantha B. Kelty
950 F Street NW, Suite 1050,
Washington, D.C. 20004
Telephone: (202) 785-4166 (direct)
kelty@narf.org

**TOHONO O'ODHAM NATION**
Howard M. Shanker
Attorney General
Marissa L. Sites
Assistant Attorney General
P.O. Box 830
Sells, Arizona 85634
Telephone: (520) 383-3410
Howard.Shanker@tonation-nsn.gov
Marissa.Sites@tonation-nsn.gov

*Representing Tohono O'odham*
*Nation Only*

**Attorneys for Tohono O'odham Nation, Gila River Indian Community, Keanu Stevens, Alanna Siquieros, and LaDonna Jacket**

## CERTIFICATE OF COMPLIANCE

This motion complies with the applicable provisions of both the Federal Rules of Appellate Procedure and this Court's rules in that: (1) according to the word-count feature of the word-processing system used to generate the motion (Microsoft Word), the opposition contains 4,673 words, excluding the portions exempted from the count by the rules, and (2) the motion has been prepared in a proportionally spaced typeface using Times New Roman 14-point font.

*/ Christopher D. Dodge*
CHRISTOPHER D. DODGE

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2024, I electronically filed the foregoing

with the Clerk of the Court for the United States Court of Appeals for the Ninth

Circuit by using the CM/ECF system, which will notify all registered counsel.

*/ Christopher D. Dodge*
CHRISTOPHER D. DODGE