**Case No. 24-3188 (consolidated with 24-3559 and 24-4029)**

# THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MI FAMILIA VOTA, et al.,

*Plaintiffs-Appellees,*

*v.*

ADRIAN FONTES, et al.,

*Defendants-Appellees,*

*and*

WARREN PETERSEN, et al.,

*Intervenor-Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Arizona

No. 2:22-cv-00509-SRB (and consolidated cases)

**STATE OF ARIZONA AND ARIZONA ATTORNEY GENERAL'S POSITION ON EMERGENCY MOTION FOR RECONSIDERATION**

Joshua D. Bendor (AZ Bar No. 031908)
Hayleigh S. Crawford (AZ Bar No. 032326)
Joshua M. Whitaker (AZ Bar No. 032724)
Kathryn E. Boughton (AZ Bar No. 036105)
 OFFICE OF THE ARIZONA
   ATTORNEY GENERAL
 2005 N. Central Ave. Phoenix, AZ 85004
 (602) 542-3333
 Joshua.Bendor@azag.gov
 Hayleigh.Crawford@azag.gov
 Joshua.Whitaker@azag.gov
 Kathryn.Boughton@azag.gov
 ACL@azag.gov

*Counsel for State of Arizona and Arizona Attorney General Kristin K. Mayes*

The State of Arizona and Arizona Attorney General Kris Mayes (collectively "the State") do not oppose the emergency motion by certain non-U.S. plaintiffs, asking the merits panel to vacate the partial stay ordered by the motions panel. Vacating the stay would reinstate the district court's injunction while this appeal is pending. The State previously opposed the stay because of how it would affect the parties and the public. *See* Dkt. #62 (as filed in Case No. 24-3188). The State maintains this position.

Motions for reconsideration are, of course, disfavored. This is especially true when, as here, a merits panel is already scheduled to hear argument on the underlying issue on an expedited basis.

That said, the State wishes to draw special attention to one strange result of the stay. It has to do with the fact that election officials in Arizona have the ability to instantly check, via an electronic connection, whether someone has provided proof of U.S. citizenship to the Arizona Department of Transportation's Motor Vehicles Division ("MVD"). As explained below, the merits panel may wish to at least *partially* vacate the stay, given how the stay will affect "the other parties interested in the proceeding" and "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 433 (2009).

Before the stay: If someone in Arizona applied to register to vote, and failed to include proof of U.S. citizenship with their application but was otherwise eligible, and the election official saw that the person had provided proof of citizenship to MVD, that person was fully registered to vote.

After the stay: If someone in Arizona applies to register to vote, and fails to include proof of U.S. citizenship with their application but is otherwise eligible, and the election official can see that the person has provided proof of citizenship to MVD, then the result will apparently depend on which registration form was used:

1. If the person used a federal mail registration form, that person will be fully registered to vote.

2. If the person used a state registration form, that person will apparently not be registered to vote at all.

This seems to be the result of A.R.S. § 16-121.01(C), when read in tandem with § 16-121.01(D) and (E).

The merits panel may wish to vacate the stay in this respect. In other words, the merits panel may wish to declare: "During the pendency of this appeal, if a person in Arizona applies to register to vote and fails to include proof of U.S. citizenship but is otherwise eligible, and the election official can

2

see that the person has provided proof of citizenship to MVD, that person should be fully registered regardless of which registration form was used."

To clarify, this ruling would not fully vacate the motions panel's stay. Under this ruling, A.R.S. § 16-121.01(C) would still be enforced while the appeal is pending as to people who (1) apply to register to vote using a state registration form, and fail to include proof of U.S. citizenship with their application but are otherwise eligible, and for whom (2) the election official does <u>not</u> see proof of citizenship on file with MVD.

The following chart summarizes what would be the practical effect of the ruling sketched above:

**What happens to applicants who fail to provide proof of citizenship but are otherwise eligible to vote?**

|  | **If they submitted a federal form:** | **If they submitted a state form:** |
|---|---|---|
| **If MVD shows proof of citizenship:** | Fully registered | Fully registered |
| **If MVD indicates non-citizenship:** | Not registered at all | Not registered at all |
| **If MVD shows nothing either way:** | Registered only for federal elections | Not registered at all |

In other words, the ruling sketched above would eliminate the difference between federal form applicants and state form applicants in the first row,

3

but would maintain the difference in the third row, while the appeal is pending.

Respectfully submitted this 29th day of July, 2024.

>KRISTIN K. MAYES
>  ARIZONA ATTORNEY GENERAL
>
>By <u>*/s/ Joshua M. Whitaker*</u>
>Joshua D. Bendor
>Hayleigh S. Crawford
>Joshua M. Whitaker
>Kathryn E. Boughton
>OFFICE OF THE ARIZONA
>  ATTORNEY GENERAL
>2005 N. Central Ave.
>Phoenix, AZ 85004
>(602) 542-3333
>Joshua.Bendor@azag.gov
>Hayleigh.Crawford@azag.gov
>Joshua.Whitaker@azag.gov
>Kathryn.Boughton@azag.gov
>ACL@azag.gov
>
>*Counsel for State of Arizona and Arizona Attorney General Kristin K. Mayes*

4

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 643 words according to the word-processing system used to prepare the brief.

2. This motion complies with the typeface and typestyle requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in fourteen-point Book Antiqua type style.

Dated this 29th day of July, 2024.

By <u>/s/ Joshua M. Whitaker</u>

## CERTIFICATE OF SERVICE

I certify that I presented the above and foregoing for filing and uploading to the ACMS system which will send electronic notification of such filing to all counsel of record.

Dated this 29th day of July, 2024.

*/s/ Joshua M. Whitaker*
