Nos. 24-3188 24-3559, 24-4029
(Consolidated)

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MI FAMILIA VOTA, *et al.*,

*Plaintiff-Appellees*,

v.

ADRIAN FONTES, *et al.*,

*Defendant-Appellants*.

WARREN PETERSEN, *et al.*,

*Intervenor-Defendant-Appellant*.

On Appeal from the United States District Court
for the District of Arizona
No. 2:22-CV-00509
Hon. Susan R. Bolton

**PROPOSED INTERVENOR REPUBLICAN PARTY OF ARIZONA'S REPLY TO NON-U.S. PLAINTIFFS' OPPOSITION TO MOTION TO INTERVENE**

DHILLON LAW GROUP INC.
A CALIFORNIA PROFESSIONAL CORPORATION

Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser
177 Post Street, Suite 700
San Francisco, CA 94108
Tel. (415) 433-1700
harmeet@dhillonlaw.com
mcolumbo@dhillonlaw.com
mmeuser@dhillonlaw.com

*Attorneys for Proposed Intervenor
Republican Party of Arizona*

**I.     AZ GOP has a unique, significant, and legally protectable interest that is not adequately represented by the existing parties.**

Republican Party of Arizona ("AZ GOP") seeks to intervene in this case because it is offering a specifically local and procedural perspective to the argument in favor of upholding Arizona HBs 2492 and 2243 (collectively, the "Acts"). This unique perspective is not adequately represented by the existing parties, the Republican National Committee (the "RNC") and the Republican leaders of the Arizona Legislature (the "RLAL"). It is imperative that AZ GOP's unique perspective be heard by this Court because the result of this Court's ruling will directly and tangibly affect the particular role AZ GOP performs in Arizona's election procedure.

"The most important factor in determining" whether AZ GOP's interests will be adequately represented by the RNC and RLAL is how its interests align with those of the latter. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). Although all three entities are Republican in nature, AZ GOP's interest differs from that of the RNC because of its localized focus; and it differs from that of the RLAL as a matter of objectives surrounding state and local elections.

While the RNC is widely known as an entity that prioritizes national elections and its attention and resources are dispersed across many states, AZ GOP is one established exclusively for elections at every level in the State of Arizona. Moreover, under Arizona law, it is the chairwoman of AZ GOP who shall appoint the candidates

for the office of presidential elector. A.R.S. § 16-344 and this case involves Arizona's process for choosing those presidential electors.

This also illustrates the differing interests of the RLAL and AZ GOP. Indeed, while the missions of both include a concern for Arizona elections, RLAL pursues certain policy preferences that could be advanced or hindered by the ruling on appeal. On the other hand, the ruling on appeal will affect the way AZ GOP navigates the political process on the ground as a competitive participant in elections. Unlike the RLAL's preferred long-term policy outcomes, which may come about *after* elections, AZ GOP is concerned with what takes place *during* elections in the form of voter registration, mail-in ballots, and ballot counts: it views election security and confidence as important practical objectives standing alone. In this way, the AZ GOP "is uniquely well-positioned to explain" the procedural significance the Acts will have on voting. *See Kablers v. U.S. DOJ*, 22 F.4th 816, 828 (9th Cir. 2021) (reversing a car manufacturer's denial of intervention because it was "uniquely-well positioned to explain" the commercial significance of documents at issue). This explanation could be "neglect[ed]" by the RLAL's policy interests and the RNC's national scope absent AZ GOP's intervention. *Id.*

Without AZ GOP's intervention, the Ninth Circuit may miss consideration of arguments from a local perspective affecting tangible voting procedure. This entitles AZ GOP to intervention.

**II. AZ GOP is not advancing a new issue that will complicate the appeal.**

And as much as MFV attempts to assert that AZ GOP's intervention would "complicate" this appeal, this argument only works if it was correct about its other assertion that AZ GOP is inserting entirely novel issues into this case. Pls.' Opp'n to Mot. to Intervene, at 3, 6, 7 18 (asserting that "the participation of AZ GOP in the appeals process . . . would 'complicate the issues and prolong the litigation'" by citing *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 922 (9th Cir. 2004), which features an "inject[ion] [of] new issues."). But on the contrary, AZ GOP is *not* injecting novel issues: it is filling in a missing interest and perspective. And allowing its intervention on this ground promotes "[a] liberal policy in favor of intervention" that "serves . . . *efficient* resolution of issues." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (emphasis added).

**III. Other Republican organizations' vigorous litigation does not strip AZ GOP's right to intervene.**

MFV also repeatedly advances the misguided argument that since the RNC and RLAL have "vigorously" been litigating this case, their interests, which naturally do not extend to all those of AZ GOP, invalidates AZ GOP's adequacy-based cause for intervention. Pls.' Opp'n to Mot. to Intervene, at 1, 5, 15. But this type of assertion is a misconstruction of the "required inquiry into adequacy of representation." *Legal Aid Soc. of Alameda Co. v. Dunlop*, 618 F.2d 48, 50 (9th Cir. 1980) (rejecting lower court's denial of intervention based on "'the Government's

vigorous defense on the merits in'" the case). Indeed, the Supreme Court and this Circuit alike have made it clear that the proposed intervenor need only show that its interest "*may*" not be adequately represented. *Id.* (citing *Trbovich v. UMW*, 404 U.S. 528, 538–39, n.10 (1972) and *Johnson v. San Francisco Unified Sch. Dist.*, 500 F.2d 349, 352–54 (9th Cir. 1974)) (emphasis added). And it is *clear*, given the differences in stated purposes between these three entities, that AZ GOP *will not* be adequately represented absent its own intervention.

### IV. Rule 24(a) is to be broadly construed in favor of intervention.

AZ GOP exceeds Rule 24(a)'s interpreted requirement of a "significant protectable interest." *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). And particularly for public interest entities like AZ GOP, federal courts assess the interest requirement under an even "*more* lenient standard." *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014)) (emphasis added).

AZ GOP has exceeded even this standard, which MFV mislabels as "speculative." Pls.' Opp'n to Mot. to Intervene, at 12, 16. It has done so by establishing with certainty—through its stated mission—that its interests in promoting *local* election *procedures* will be neglected by the RNC's and RLAL's "more extensive" respective *national* and *post-election policy* aims. *See Pueblo Entero*, 29 F.4th at 309. In *Pueblo Entero,* the Fifth Circuit found Republican

Committees satisfied Rule 24(a)'s interest requirement by "expend[ing] significant resources in the recruiting and training of volunteers and poll watchers who participate in the election" procedure. *Id.* at 306. The State of Texas simply did not do these activities. Not only is AZ GOP almost identically situated to the *Pueblo Entero* intervenors in that it "invests a significant amount of its resources in training and assisting members, volunteers, voters, and workers in complying with election ... procedures," it is unique among the parties to this appeal in performing that role. Mot. to Intervene, at 8.

Since federal courts' established interpretation of Rule 24(a)'s legal interest burden is minimal, AZ GOP's certain showing of its legal interest entitles it to intervene in this appeal.

### V. Intervention is not contingent on whether the appealed ruling currently binds them.

The fact that the district court's ruling does "not bind AZ GOP" is irrelevant to AZ GOP's legal interest justifying its intervention. *See* Pls.' Opp'n to Mot. to Intervene, at 12. "[A] 'legally protectable interest' does not mean the interest must be 'legally *enforceable*[.]" *Pueblo Entero*, 29 F.4th at 305. Instead, it means that "there is a 'relationship' between" the "interest and the . . . claims." *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)). This relationship exists when "'the resolution of the

. . . claims actually will affect the [proposed intervenor].'" *Id.* (quoting *Donnelly*, 159 F.3d at 410).

MFV cites two authorities—*Hollingsworth v. Perry* and *Southern California Edison Co. v. Lynch*—to manufacture this "bind[ing]" standard. Pls.' Opp'n to Mot. to Intervene, at 12-13. MFV's reliance is misguided.

In *Hollingsworth v. Perry*, the Supreme Court rejected an attempt by various Californians who opposed same sex marriage to intervene in litigation over a constitutional amendment defining marriage traditionally. 570 U.S. 693, 693 (2013). The Court reasoned that these residents were not in same-sex marriages or affected by others marrying the same sex and thus did not have a "personal stake" distinct from a "generalized grievance" any other Californian could have against same-sex unions. *Id.* at 706-07. In other words, these failed intervenors could not defend a law *"on the State [of California]'s behalf." Id.* at 707 (emphasis added). AZ GOP's relation to the Acts is not a "generalized grievance" about Arizona's election policy. On the contrary, the result of this appeal "actually will affect" the way AZ GOP navigates this very procedure. *See Lynch*, 307 F.3d at 803; *see also Perry*, 570 U.S. at 706 (requiring a "direc[t] and tangibl[e]" effect). Their intervention is on their *own* behalf—not the State of Arizona's.

Likewise, MFV wrongly points to *Lynch*. *Id.* at 799. There, the court rejected an effort on the part of two of the plaintiff's creditors to intervene based on their

economic connection to the plaintiff. *Id.* at 803. The court explained that its ruling "would not resolve" the plaintiff's creditors' isolated claims for payment, as the lawsuit concerned a bill deregulating California's power industry. *Id.* The court further rejected a separate organization's attempt to intervene based on its members' business relationship with the plaintiff because its "generalized interest in the outcome" was insufficiently direct to establish a cause for intervention. *Id.*

Again, AZ GOP's relation to this case is far afield from MFV's attempted analogies. Unlike the first two intervenors in *Lynch*, AZ GOP is not attempting to intervene to pave an alternative path to obtain something unrelated to the Acts, like due compensation. Indeed, this Court's ruling "*would* . . . resolve" AZ GOP's now-uncertain protocol for navigating the state's election procedure. *See Lynch*, 307 F.3d at 803 (emphasis added). And as already explained above, AZ GOP has more than the incidental connection to the Acts that various Arizona voters have. Instead, its very function is to operate as a unique force within this state's election procedure.

For AZ GOP to have cause to intervene in this case, it must be affected by the case's eventual outcome. This standard is different from MFV's view that AZ GOP must *currently* be bound to or from an action by the lower court's judgment. Because AZ GOP fulfills the former, correct standard, it is entitled to intervention.

///

## CONCLUSION

For the foregoing reasons, Proposed Intervenor Republican Party of Arizona respectfully requests that the Court GRANT their motion to intervene.

Date: July 29, 2024

Respectfully Submitted,

DHILLON LAW GROUP INC.

*/s/ Michael A. Columbo*

Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser

*Attorneys for Proposed Intervenor Republican Party of Arizona*

# CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because this reply contains 1,731 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 27(a)(2)(B) and 32(f).

2. This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Times New Roman size 14-point font with Microsoft Word.

Date: July 29, 2024

> */s/ Michael A. Columbo*
> Harmeet K. Dhillon
> Michael A. Columbo
> Mark P. Meuser
>
> *Attorneys for Proposed Intervenor Republican Party of Arizona*

## CERTIFICATE OF SERVICE

I, Michael A. Columbo, counsel for Proposed Intervenor Republican Party of Arizona, hereby certify that I electronically filed the above document with the Clerk of the Court using CM/ECF which will send electronic notification of such filing to all registered counsel.

Date: July 29, 2024

/s/ Michael A. Columbo

Harmeet K. Dhillon
Michael A. Columbo
Mark P. Meuser

*Attorneys for Proposed Intervenor Republican Party of Arizona*