**ADDENDUM OF CONSTITUTIONAL AND STATUTORY PROVISIONS**

| Constitutional/Statutory Provision | Page(s) |
|---|---|
| U.S. Const. Art. II § 1, cl. 2 | 36 |
| 52 U.S.C. § 10101 | 37-41 |
| 52 U.S.C. § 20501 | 42-43 |
| 52 U.S.C. § 20507 | 44-50 |
| A.R.S. § 16-121.01 | 51-53 |
| A.R.S. § 16-127 | 54 |
| A.R.S. § 16-165 | 55-58 |
| A.R.S. § 16-166 | 59-61 |

United States Code Annotated
    Constitution of the United States
        Annotated
            Article II. The President

U.S.C.A. Const. Art. II § 1, cl. 2

Section 1, Clause 2. Presidential Electors

Currentness

Each State shall appoint, in such Manner as the Legislature thereof may direct, a Number of Electors, equal to the whole Number of Senators and Representatives to which the State may be entitled in the Congress: but no Senator or Representative, or Person holding an Office of Trust or Profit under the United States, shall be appointed an Elector.

U.S.C.A. Const. Art. II § 1, cl. 2, USCA CONST Art. II § 1, cl. 2
Current through P.L. 118-70. Some statute sections may be more current, see credits for details.

**End of Document**                                 © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                                 1

⚑ KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

> United States Code Annotated
>> Title 52. Voting and Elections (Refs & Annos)
>>> Subtitle I. Voting Rights
>>>> Chapter 101. Generally

52 U.S.C.A. § 10101

Formerly cited as 42 USCA § 1971

§ 10101. Voting rights

Currentness

**(a) Race, color, or previous condition not to affect right to vote; uniform standards for voting qualifications; errors or omissions from papers; literacy tests; agreements between Attorney General and State or local authorities; definitions**

**(1)** All citizens of the United States who are otherwise qualified by law to vote at any election by the people in any State, Territory, district, county, city, parish, township, school district, municipality, or other territorial subdivision, shall be entitled and allowed to vote at all such elections, without distinction of race, color, or previous condition of servitude; any constitution, law, custom, usage, or regulation of any State or Territory, or by or under its authority, to the contrary notwithstanding.

**(2)** No person acting under color of law shall--

**(A)** in determining whether any individual is qualified under State law or laws to vote in any election, apply any standard, practice, or procedure different from the standards, practices, or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote;

**(B)** deny the right of any individual to vote in any election because of an error or omission on any record or paper relating to any application, registration, or other act requisite to voting, if such error or omission is not material in determining whether such individual is qualified under State law to vote in such election; or

**(C)** employ any literacy test as a qualification for voting in any election unless (i) such test is administered to each individual and is conducted wholly in writing, and (ii) a certified copy of the test and of the answers given by the individual is furnished to him within twenty-five days of the submission of his request made within the period of time during which records and papers are required to be retained and preserved pursuant to Title III of the Civil Rights Act of 1960: *Provided, however,* That the Attorney General may enter into agreements with appropriate State or local authorities that preparation, conduct, and maintenance of such tests in accordance with the provisions of applicable State or local law, including such special provisions as are necessary in the preparation, conduct, and maintenance of such tests for persons who are blind or otherwise physically handicapped, meet the purposes of this subparagraph and constitute compliance therewith.

**(3)** For purposes of this subsection--

37

**(A)** the term "vote" shall have the same meaning as in subsection (e) of this section;

**(B)** the phrase "literacy test" includes any test of the ability to read, write, understand, or interpret any matter.

**(b) Intimidation, threats, or coercion**

No person, whether acting under color of law or otherwise, shall intimidate, threaten, coerce, or attempt to intimidate, threaten, or coerce any other person for the purpose of interfering with the right of such other person to vote or to vote as he may choose, or of causing such other person to vote for, or not to vote for, any candidate for the office of President, Vice President, presidential elector, Member of the Senate, or Member of the House of Representatives, Delegates or Commissioners from the Territories or possessions, at any general, special, or primary election held solely or in part for the purpose of selecting or electing any such candidate.

**(c) Preventive relief; injunction; rebuttable literacy presumption; liability of United States for costs; State as party defendant**

Whenever any person has engaged or there are reasonable grounds to believe that any person is about to engage in any act or practice which would deprive any other person of any right or privilege secured by subsection (a) or (b), the Attorney General may institute for the United States, or in the name of the United States, a civil action or other proper proceeding for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order. If in any such proceeding literacy is a relevant fact there shall be a rebuttable presumption that any person who has not been adjudged an incompetent and who has completed the sixth grade in a public school in, or a private school accredited by, any State or territory, the District of Columbia, or the Commonwealth of Puerto Rico where instruction is carried on predominantly in the English language, possesses sufficient literacy, comprehension, and intelligence to vote in any election. In any proceeding hereunder the United States shall be liable for costs the same as a private person. Whenever, in a proceeding instituted under this subsection any official of a State or subdivision thereof is alleged to have committed any act or practice constituting a deprivation of any right or privilege secured by subsection (a), the act or practice shall also be deemed that of the State and the State may be joined as a party defendant and, if, prior to the institution of such proceeding, such official has resigned or has been relieved of his office and no successor has assumed such office, the proceeding may be instituted against the State.

**(d) Jurisdiction; exhaustion of other remedies**

The district courts of the United States shall have jurisdiction of proceedings instituted pursuant to this section and shall exercise the same without regard to whether the party aggrieved shall have exhausted any administrative or other remedies that may be provided by law.

**(e) Order qualifying person to vote; application; hearing; voting referees; transmittal of report and order; certificate of qualification; definitions**

In any proceeding instituted pursuant to subsection (c) in the event the court finds that any person has been deprived on account of race or color of any right or privilege secured by subsection (a), the court shall upon request of the Attorney General and after each party has been given notice and the opportunity to be heard make a finding whether such deprivation was or is pursuant to a pattern or practice. If the court finds such pattern or practice, any person of such race or color resident within the affected area shall, for one year and thereafter until the court subsequently finds that such pattern or practice has ceased, be entitled, upon his

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

application therefor, to an order declaring him qualified to vote, upon proof that at any election or elections (1) he is qualified under State law to vote, and (2) he has since such finding by the court been (a) deprived of or denied under color of law the opportunity to register to vote or otherwise to qualify to vote, or (b) found not qualified to vote by any person acting under color of law. Such order shall be effective as to any election held within the longest period for which such applicant could have been registered or otherwise qualified under State law at which the applicant's qualifications would under State law entitle him to vote.

Notwithstanding any inconsistent provision of State law or the action of any State officer or court, an applicant so declared qualified to vote shall be permitted to vote in any such election. The Attorney General shall cause to be transmitted certified copies of such order to the appropriate election officers. The refusal by any such officer with notice of such order to permit any person so declared qualified to vote to vote at an appropriate election shall constitute contempt of court.

An application for an order pursuant to this subsection shall be heard within ten days, and the execution of any order disposing of such application shall not be stayed if the effect of such stay would be to delay the effectiveness of the order beyond the date of any election at which the applicant would otherwise be enabled to vote.

The court may appoint one or more persons who are qualified voters in the judicial district, to be known as voting referees, who shall subscribe to the oath of office required by section 3331 of Title 5, to serve for such period as the court shall determine, to receive such applications and to take evidence and report to the court findings as to whether or not at any election or elections (1) any such applicant is qualified under State law to vote, and (2) he has since the finding by the court heretofore specified been (a) deprived of or denied under color of law the opportunity to register to vote or otherwise to qualify to vote, or (b) found not qualified to vote by any person acting under color of law. In a proceeding before a voting referee, the applicant shall be heard ex parte at such times and places as the court shall direct. His statement under oath shall be prima facie evidence as to his age, residence, and his prior efforts to register or otherwise qualify to vote. Where proof of literacy or an understanding of other subjects is required by valid provisions of State law, the answer of the applicant, if written, shall be included in such report to the court; if oral, it shall be taken down stenographically and a transcription included in such report to the court.

Upon receipt of such report, the court shall cause the Attorney General to transmit a copy thereof to the State attorney general and to each party to such proceeding together with an order to show cause within ten days, or such shorter time as the court may fix, why an order of the court should not be entered in accordance with such report. Upon the expiration of such period, such order shall be entered unless prior to that time there has been filed with the court and served upon all parties a statement of exceptions to such report. Exceptions as to matters of fact shall be considered only if supported by a duly verified copy of a public record or by affidavit of persons having personal knowledge of such facts or by statements or matters contained in such report; those relating to matters of law shall be supported by an appropriate memorandum of law. The issues of fact and law raised by such exceptions shall be determined by the court or, if the due and speedy administration of justice requires, they may be referred to the voting referee to determine in accordance with procedures prescribed by the court. A hearing as to an issue of fact shall be held only in the event that the proof in support of the exception disclose the existence of a genuine issue of material fact. The applicant's literacy and understanding of other subjects shall be determined solely on the basis of answers included in the report of the voting referee.

The court, or at its direction the voting referee, shall issue to each applicant so declared qualified a certificate identifying the holder thereof as a person so qualified.

Any voting referee appointed by the court pursuant to this subsection shall to the extent not inconsistent herewith have all the powers conferred upon a master by rule 53(c) of the Federal Rules of Civil Procedure. The compensation to be allowed to any persons appointed by the court pursuant to this subsection shall be fixed by the court and shall be payable by the United States.

Applications pursuant to this subsection shall be determined expeditiously. In the case of any application filed twenty or more days prior to an election which is undetermined by the time of such election, the court shall issue an order authorizing the applicant to vote provisionally: *Provided, however*, That such applicant shall be qualified to vote under State law. In the case of

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.     3

an application filed within twenty days prior to an election, the court, in its discretion, may make such an order. In either case the order shall make appropriate provision for the impounding of the applicant's ballot pending determination of the application. The court may take any other action, and may authorize such referee or such other person as it may designate to take any other action, appropriate or necessary to carry out the provisions of this subsection and to enforce its decrees. This subsection shall in no way be construed as a limitation upon the existing powers of the court.

When used in the subsection, the word "vote" includes all action necessary to make a vote effective including, but not limited to, registration or other action required by State law prerequisite to voting, casting a ballot, and having such ballot counted and included in the appropriate totals of votes cast with respect to candidates for public office and propositions for which votes are received in an election; the words "affected area" shall mean any subdivision of the State in which the laws of the State relating to voting are or have been to any extent administered by a person found in the proceeding to have violated subsection (a); and the words "qualified under State law" shall mean qualified according to the laws, customs, or usages of the State, and shall not, in any event, imply qualifications more stringent than those used by the persons found in the proceeding to have violated subsection (a) in qualifying persons other than those of the race or color against which the pattern or practice of discrimination was found to exist.

**(f) Contempt; assignment of counsel; witnesses**

Any person cited for an alleged contempt under this Act shall be allowed to make his full defense by counsel learned in the law; and the court before which he is cited or tried, or some judge thereof, shall immediately, upon his request, assign to him such counsel, not exceeding two, as he may desire, who shall have free access to him at all reasonable hours. He shall be allowed, in his defense to make any proof that he can produce by lawful witnesses, and shall have the like process of the court to compel his witnesses to appear at his trial or hearing, as is usually granted to compel witnesses to appear on behalf of the prosecution. If such person shall be found by the court to be financially unable to provide for such counsel, it shall be the duty of the court to provide such counsel.

**(g) Three-judge district court: hearing, determination, expedition of action, review by Supreme Court; single-judge district court: hearing, determination, expedition of action**

In any proceeding instituted by the United States in any district court of the United States under this section in which the Attorney General requests a finding of a pattern or practice of discrimination pursuant to subsection (e) of this section the Attorney General, at the time he files the complaint, or any defendant in the proceeding, within twenty days after service upon him of the complaint, may file with the clerk of such court a request that a court of three judges be convened to hear and determine the entire case. A copy of the request for a three-judge court shall be immediately furnished by such clerk to the chief judge of the circuit (or in his absence, the presiding circuit judge of the circuit) in which the case is pending. Upon receipt of the copy of such request it shall be the duty of the chief judge of the circuit or the presiding circuit judge, as the case may be, to designate immediately three judges in such circuit, of whom at least one shall be a circuit judge and another of whom shall be a district judge of the court in which the proceeding was instituted, to hear and determine such case, and it shall be the duty of the judges so designated to assign the case for hearing at the earliest practicable date, to participate in the hearing and determination thereof, and to cause the case to be in every way expedited. An appeal from the final judgment of such court will lie to the Supreme Court.

In any proceeding brought under subsection (c) of this section to enforce subsection (b) of this section, or in the event neither the Attorney General nor any defendant files a request for a three-judge court in any proceeding authorized by this subsection, it shall be the duty of the chief judge of the district (or in his absence, the acting chief judge) in which the case is pending immediately to designate a judge in such district to hear and determine the case. In the event that no judge in the district is available to hear and determine the case, the chief judge of the district, or the acting chief judge, as the case may be, shall certify

40

this fact to the chief judge of the circuit (or, in his absence, the acting chief judge) who shall then designate a district or circuit judge of the circuit to hear and determine the case.

It shall be the duty of the judge designated pursuant to this section to assign the case for hearing at the earliest practicable date and to cause the case to be in every way expedited.

### CREDIT(S)

  (R.S. § 2004; Pub.L. 85-315, pt. IV, § 131, Sept. 9, 1957, 71 Stat. 637; Pub.L. 86-449, Title VI, § 601, May 6, 1960, 74 Stat. 90; Pub.L. 88-352, Title I, § 101, July 2, 1964, 78 Stat. 241; Pub.L. 89-110, § 15, Aug. 6, 1965, 79 Stat. 445.)

52 U.S.C.A. § 10101, 52 USCA § 10101
Current through P.L. 118-70. Some statute sections may be more current, see credits for details.

**End of Document**
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

41

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

United States Code Annotated
   Title 52. Voting and Elections (Refs & Annos)
      Subtitle II. Voting Assistance and Election Administration (Refs & Annos)
         Chapter 205. National Voter Registration

52 U.S.C.A. § 20501

Formerly cited as 42 USCA § 1973gg

§ 20501. Findings and purposes

Currentness

**(a) Findings**

The Congress finds that--

**(1)** the right of citizens of the United States to vote is a fundamental right;

**(2)** it is the duty of the Federal, State, and local governments to promote the exercise of that right; and

**(3)** discriminatory and unfair registration laws and procedures can have a direct and damaging effect on voter participation in elections for Federal office and disproportionately harm voter participation by various groups, including racial minorities.

**(b) Purposes**

The purposes of this chapter are--

**(1)** to establish procedures that will increase the number of eligible citizens who register to vote in elections for Federal office;

**(2)** to make it possible for Federal, State, and local governments to implement this chapter in a manner that enhances the participation of eligible citizens as voters in elections for Federal office;

**(3)** to protect the integrity of the electoral process; and

**(4)** to ensure that accurate and current voter registration rolls are maintained.

**CREDIT(S)**

42

(Pub.L. 103-31, § 2, May 20, 1993, 107 Stat. 77.)

52 U.S.C.A. § 20501, 52 USCA § 20501
Current through P.L. 118-70. Some statute sections may be more current, see credits for details.

**End of Document**     © 2024 Thomson Reuters. No claim to original U.S. Government Works.

43

🚩 KeyCite Yellow Flag - Negative Treatment
Proposed Legislation

United States Code Annotated
    Title 52. Voting and Elections (Refs & Annos)
        Subtitle II. Voting Assistance and Election Administration (Refs & Annos)
            Chapter 205. National Voter Registration

52 U.S.C.A. § 20507
Formerly cited as 42 USCA § 1973gg-6

§ 20507. Requirements with respect to administration of voter registration

Currentness

**(a) In general**

In the administration of voter registration for elections for Federal office, each State shall--

**(1)** ensure that any eligible applicant is registered to vote in an election--

**(A)** in the case of registration with a motor vehicle application under section 20504 of this title, if the valid voter registration form of the applicant is submitted to the appropriate State motor vehicle authority not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

**(B)** in the case of registration by mail under section 20505 of this title, if the valid voter registration form of the applicant is postmarked not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

**(C)** in the case of registration at a voter registration agency, if the valid voter registration form of the applicant is accepted at the voter registration agency not later than the lesser of 30 days, or the period provided by State law, before the date of the election; and

**(D)** in any other case, if the valid voter registration form of the applicant is received by the appropriate State election official not later than the lesser of 30 days, or the period provided by State law, before the date of the election;

**(2)** require the appropriate State election official to send notice to each applicant of the disposition of the application;

**(3)** provide that the name of a registrant may not be removed from the official list of eligible voters except--

**(A)** at the request of the registrant;

44

**(B)** as provided by State law, by reason of criminal conviction or mental incapacity; or

**(C)** as provided under paragraph (4);

**(4)** conduct a general program that makes a reasonable effort to remove the names of ineligible voters from the official lists of eligible voters by reason of--

**(A)** the death of the registrant; or

**(B)** a change in the residence of the registrant, in accordance with subsections (b), (c), and (d);

**(5)** inform applicants under sections 20504, 20505, and 20506 of this title of--

**(A)** voter eligibility requirements; and

**(B)** penalties provided by law for submission of a false voter registration application; and

**(6)** ensure that the identity of the voter registration agency through which any particular voter is registered is not disclosed to the public.

**(b) Confirmation of voter registration**

Any State program or activity to protect the integrity of the electoral process by ensuring the maintenance of an accurate and current voter registration roll for elections for Federal office--

**(1)** shall be uniform, nondiscriminatory, and in compliance with the Voting Rights Act of 1965 (42 U.S.C. 1973 et seq.) [1] ; and

**(2)** shall not result in the removal of the name of any person from the official list of voters registered to vote in an election for Federal office by reason of the person's failure to vote, except that nothing in this paragraph may be construed to prohibit a State from using the procedures described in subsections (c) and (d) to remove an individual from the official list of eligible voters if the individual--

**(A)** has not either notified the applicable registrar (in person or in writing) or responded during the period described in subparagraph (B) to the notice sent by the applicable registrar; and then

**(B)** has not voted or appeared to vote in 2 or more consecutive general elections for Federal office.

**(c) Voter removal programs**

45

**(1)** A State may meet the requirement of subsection (a)(4) by establishing a program under which--

**(A)** change-of-address information supplied by the Postal Service through its licensees is used to identify registrants whose addresses may have changed; and

**(B)** if it appears from information provided by the Postal Service that--

**(i)** a registrant has moved to a different residence address in the same registrar's jurisdiction in which the registrant is currently registered, the registrar changes the registration records to show the new address and sends the registrant a notice of the change by forwardable mail and a postage prepaid pre-addressed return form by which the registrant may verify or correct the address information; or

**(ii)** the registrant has moved to a different residence address not in the same registrar's jurisdiction, the registrar uses the notice procedure described in subsection (d)(2) to confirm the change of address.

**(2)(A)** A State shall complete, not later than 90 days prior to the date of a primary or general election for Federal office, any program the purpose of which is to systematically remove the names of ineligible voters from the official lists of eligible voters.

**(B)** Subparagraph (A) shall not be construed to preclude--

**(i)** the removal of names from official lists of voters on a basis described in paragraph (3)(A) or (B) or (4)(A) of subsection (a); or

**(ii)** correction of registration records pursuant to this chapter.

**(d) Removal of names from voting rolls**

**(1)** A State shall not remove the name of a registrant from the official list of eligible voters in elections for Federal office on the ground that the registrant has changed residence unless the registrant--

**(A)** confirms in writing that the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered; or

**(B)(i)** has failed to respond to a notice described in paragraph (2); and

**(ii)** has not voted or appeared to vote (and, if necessary, correct the registrar's record of the registrant's address) in an election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice.

46

**(2)** A notice is described in this paragraph if it is a postage prepaid and pre-addressed return card, sent by forwardable mail, on which the registrant may state his or her current address, together with a notice to the following effect:

**(A)** If the registrant did not change his or her residence, or changed residence but remained in the registrar's jurisdiction, the registrant should return the card not later than the time provided for mail registration under subsection (a)(1)(B). If the card is not returned, affirmation or confirmation of the registrant's address may be required before the registrant is permitted to vote in a Federal election during the period beginning on the date of the notice and ending on the day after the date of the second general election for Federal office that occurs after the date of the notice, and if the registrant does not vote in an election during that period the registrant's name will be removed from the list of eligible voters.

**(B)** If the registrant has changed residence to a place outside the registrar's jurisdiction in which the registrant is registered, information concerning how the registrant can continue to be eligible to vote.

**(3)** A voting registrar shall correct an official list of eligible voters in elections for Federal office in accordance with change of residence information obtained in conformance with this subsection.

**(e) Procedure for voting following failure to return card**

**(1)** A registrant who has moved from an address in the area covered by a polling place to an address in the same area shall, notwithstanding failure to notify the registrar of the change of address prior to the date of an election, be permitted to vote at that polling place upon oral or written affirmation by the registrant of the change of address before an election official at that polling place.

**(2)(A)** A registrant who has moved from an address in the area covered by one polling place to an address in an area covered by a second polling place within the same registrar's jurisdiction and the same congressional district and who has failed to notify the registrar of the change of address prior to the date of an election, at the option of the registrant--

**(i)** shall be permitted to correct the voting records and vote at the registrant's former polling place, upon oral or written affirmation by the registrant of the new address before an election official at that polling place; or

**(ii)(I)** shall be permitted to correct the voting records and vote at a central location within the same registrar's jurisdiction designated by the registrar where a list of eligible voters is maintained, upon written affirmation by the registrant of the new address on a standard form provided by the registrar at the central location; or

**(II)** shall be permitted to correct the voting records for purposes of voting in future elections at the appropriate polling place for the current address and, if permitted by State law, shall be permitted to vote in the present election, upon confirmation by the registrant of the new address by such means as are required by law.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                    4

**(B)** If State law permits the registrant to vote in the current election upon oral or written affirmation by the registrant of the new address at a polling place described in subparagraph (A)(i) or (A)(ii)(II), voting at the other locations described in subparagraph (A) need not be provided as options.

**(3)** If the registration records indicate that a registrant has moved from an address in the area covered by a polling place, the registrant shall, upon oral or written affirmation by the registrant before an election official at that polling place that the registrant continues to reside at the address previously made known to the registrar, be permitted to vote at that polling place.

**(f) Change of voting address within a jurisdiction**

In the case of a change of address, for voting purposes, of a registrant to another address within the same registrar's jurisdiction, the registrar shall correct the voting registration list accordingly, and the registrant's name may not be removed from the official list of eligible voters by reason of such a change of address except as provided in subsection (d).

**(g) Conviction in Federal court**

**(1)** On the conviction of a person of a felony in a district court of the United States, the United States attorney shall give written notice of the conviction to the chief State election official designated under section 20509 of this title of the State of the person's residence.

**(2)** A notice given pursuant to paragraph (1) shall include--

    **(A)** the name of the offender;

    **(B)** the offender's age and residence address;

    **(C)** the date of entry of the judgment;

    **(D)** a description of the offenses of which the offender was convicted; and

    **(E)** the sentence imposed by the court.

**(3)** On request of the chief State election official of a State or other State official with responsibility for determining the effect that a conviction may have on an offender's qualification to vote, the United States attorney shall provide such additional information as the United States attorney may have concerning the offender and the offense of which the offender was convicted.

**(4)** If a conviction of which notice was given pursuant to paragraph (1) is overturned, the United States attorney shall give the official to whom the notice was given written notice of the vacation of the judgment.

48

**(5)** The chief State election official shall notify the voter registration officials of the local jurisdiction in which an offender resides of the information received under this subsection.

**(h) Omitted**

**(i) Public disclosure of voter registration activities**

**(1)** Each State shall maintain for at least 2 years and shall make available for public inspection and, where available, photocopying at a reasonable cost, all records concerning the implementation of programs and activities conducted for the purpose of ensuring the accuracy and currency of official lists of eligible voters, except to the extent that such records relate to a declination to register to vote or to the identity of a voter registration agency through which any particular voter is registered.

**(2)** The records maintained pursuant to paragraph (1) shall include lists of the names and addresses of all persons to whom notices described in subsection (d)(2) are sent, and information concerning whether or not each such person has responded to the notice as of the date that inspection of the records is made.

**(j) "Registrar's jurisdiction" defined**

For the purposes of this section, the term "registrar's jurisdiction" means--

  **(1)** an incorporated city, town, borough, or other form of municipality;

  **(2)** if voter registration is maintained by a county, parish, or other unit of government that governs a larger geographic area than a municipality, the geographic area governed by that unit of government; or

  **(3)** if voter registration is maintained on a consolidated basis for more than one municipality or other unit of government by an office that performs all of the functions of a voting registrar, the geographic area of the consolidated municipalities or other geographic units.

**CREDIT(S)**

(Pub.L. 103-31, § 8, May 20, 1993, 107 Stat. 82; Pub.L. 107-252, Title IX, § 903, Oct. 29, 2002, 116 Stat. 1728.)

**Footnotes**

1      Redesignated as 52 U.S.C.A. § 10301 et seq.

52 U.S.C.A. § 20507, 52 USCA § 20507

49

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                    6

§ 20507. Requirements with respect to administration of voter..., 52 USCA § 20507

Current through P.L. 118-70. Some statute sections may be more current, see credits for details.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

50

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Preempted by  Mi Familia Vota v. Fontes,  D.Ariz.,  Feb. 29, 2024

KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

> Arizona Revised Statutes Annotated
>  Title 16. Elections and Electors (Refs & Annos)
>   Chapter 1. Qualification and Registration of Electors (Refs & Annos)
>    Article 2. Qualifications for Voting (Refs & Annos)

A.R.S. § 16-121.01

§ 16-121.01. Requirements for proper registration; violation; classification

Effective: January 1, 2023

Currentness

**A.** A person is presumed to be properly registered to vote on completion of a registration form as prescribed by § 16-152 that contains at least the name, the residence address or the location, proof of location of residence as prescribed by § 16-123, the date and place of birth and the signature or other statement of the registrant as prescribed by § 16-152, subsection A, paragraph 20 and a checkmark or other appropriate mark in the "yes" box next to the question regarding citizenship. Any application for registration, including an application on a form prescribed by the United States election assistance commission, must contain a checkmark or other appropriate mark in the "yes" box next to the question regarding citizenship as a condition of being properly registered to vote as either a voter who is eligible to vote a full ballot or a voter who is eligible to vote only with a ballot for federal offices. The completed registration form must also contain the person's Arizona driver license number, the nonoperating identification license number issued pursuant to § 28-3165, the last four digits of the person's social security number or the person's affirmation that if an Arizona driver license number, a nonoperating identification license number or the last four digits of the person's social security number is not provided, the person does not possess a valid Arizona driver or nonoperating identification license or a social security number and the person is hereby requesting that a unique identifying number be assigned by the secretary of state pursuant to § 16-152, subsection A, paragraph 12, subdivision (c). Any application that does not include all of the information required to be on the registration form pursuant to § 16-152 and any application that is not signed is incomplete, and the county recorder shall notify the applicant pursuant to § 16-134, subsection B and shall not register the voter until all of the information is returned.

**B.** The presumption in subsection A of this section may be rebutted only by clear and convincing evidence of any of the following:

1. That the registrant is not the person whose name appears on the register.

2. That the registrant has not resided in this state for twenty-nine days next preceding the election or other event for which the registrant's status as properly registered is in question.

3. That the registrant is not properly registered at an address permitted by § 16-121.

51

4. That the registrant is not a qualified registrant under § 16-101.

**C.** Except for a form produced by the United States election assistance commission, any application for registration shall be accompanied by satisfactory evidence of citizenship as prescribed in § 16-166, subsection F, and the county recorder or other officer in charge of elections shall reject any application for registration that is not accompanied by satisfactory evidence of citizenship. A county recorder or other officer in charge of elections who knowingly fails to reject an application for registration as prescribed by this subsection is guilty of a class 6 felony. The county recorder or other officer in charge of elections shall send a notice to the applicant as prescribed in § 16-134, subsection B.

**D.** Within ten days after receiving an application for registration on a form produced by the United States election assistance commission that is not accompanied by satisfactory evidence of citizenship, the county recorder or other officer in charge of elections shall use all available resources to verify the citizenship status of the applicant and at a minimum shall compare the information available on the application for registration with the following, provided the county has access:

1. The department of transportation databases of Arizona driver licenses or nonoperating identification licenses.

2. The social security administration databases.

3. The United States citizenship and immigration services systematic alien verification for entitlements program, if practicable.

4. A national association for public health statistics and information systems electronic verification of vital events system.

5. Any other state, city, town, county or federal database and any other database relating to voter registration to which the county recorder or officer in charge of elections has access, including an electronic registration information center database.

**E.** After complying with subsection D of this section, if the county recorder or other officer in charge of elections matches the applicant with information that verifies the applicant is a United States citizen, is otherwise qualified as prescribed by § 16-101 and has met the other requirements of this section, the applicant shall be properly registered. If the county recorder or other officer in charge of elections matches the applicant with information that the applicant is not a United States citizen, the county recorder or other officer in charge of elections shall reject the application, notify the applicant that the application was rejected because the applicant is not a United States citizen and forward the application to the county attorney and attorney general for investigation. If the county recorder or other officer in charge of elections is unable to match the applicant with appropriate citizenship information, the county recorder or other officer in charge of elections shall notify the applicant that the county recorder or other officer in charge of elections could not verify that the applicant is a United States citizen and that the applicant will not be qualified to vote in a presidential election or by mail with an early ballot in any election until satisfactory evidence of citizenship is provided.

**F.** The county recorder or other officer in charge of elections shall record the efforts made to verify an applicant's citizenship status as prescribed in subsections D and E of this section. If the county recorder or other officer in charge of elections fails to attempt to verify the citizenship status of an applicant pursuant to subsections D and E of this section and the county recorder or other officer in charge of elections knowingly causes the applicant to be registered and it is later determined that the applicant

52

was not a United States citizen at the time of registration, the county recorder or other officer in charge of elections is guilty of a class 6 felony.

**Credits**

Added by Laws 1993, Ch. 98, § 10, eff. Jan. 1, 1994. Amended by Laws 1994, Ch. 378, § 2, eff. Jan. 1, 1995; Laws 2003, Ch. 260, § 1, eff. Dec. 1, 2003; Laws 2004, Ch. 184, § 1; Laws 2022, Ch. 99, § 4, eff. Jan. 1, 2023.

    <For disposition of the subject matter or derivation of sections repealed, added, or transferred and renumbered by Laws 1979, Ch. 209, §§ 2 to 5, effective January 1, 1980, see Disposition and Derivation Tables preceding Chapter 1.>

A. R. S. § 16-121.01, AZ ST § 16-121.01

Current through legislation of the Second Regular Session of the Fifty-Sixth Legislature (2024), effective as of June 21, 2024.

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Preempted by  Mi Familia Vota v. Fontes,  D.Ariz.,   Sep. 14, 2023

Arizona Revised Statutes Annotated
  Title 16. Elections and Electors (Refs & Annos)
    Chapter 1. Qualification and Registration of Electors (Refs & Annos)
      Article 2. Qualifications for Voting (Refs & Annos)

A.R.S. § 16-127

§ 16-127. Federal only voters; early ballot; eligibility; exemption

Effective: January 1, 2023

Currentness

**A.** Notwithstanding any other law:

1. A person who has registered to vote and who has not provided satisfactory evidence of citizenship as prescribed by § 16-166 is not eligible to vote in presidential elections.

2. A person who has not provided satisfactory evidence of citizenship pursuant to § 16-166 and who is eligible to vote only for federal offices is not eligible to receive an early ballot by mail.

**B.** This section does not apply to an absent uniformed services voter or overseas voter as defined in the uniformed and overseas citizens absentee voting act (P.L. 99-410; 100 Stat. 924; 52 United States Code § 20310), as amended by the Ronald W. Reagan national defense authorization act for fiscal year 2005 (P.L. 108-375).

**Credits**

Added by Laws 2022, Ch. 99, § 5, eff. Jan. 1, 2023. Amended by Laws 2022, Ch. 174, § 1, eff. Jan. 1, 2023.

<For disposition of the subject matter or derivation of sections repealed, added, or transferred and renumbered by Laws 1979, Ch. 209, §§ 2 to 5, effective January 1, 1980, see Disposition and Derivation Tables preceding Chapter 1.>

A. R. S. § 16-127, AZ ST § 16-127

Current through legislation of the Second Regular Session of the Fifty-Sixth Legislature (2024), effective as of June 21, 2024.

End of Document                              © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.                    1

KeyCite Red Flag - Severe Negative Treatment

Unconstitutional or Preempted  Preempted by   Mi Familia Vota v. Fontes,   D.Ariz.,   Feb. 29, 2024

> Arizona Revised Statutes Annotated
>  Title 16. Elections and Electors (Refs & Annos)
>    Chapter 1. Qualification and Registration of Electors (Refs & Annos)
>      Article 5. Registration Rolls

A.R.S. § 16-165

§ 16-165. Causes for cancellation; report

Effective: January 1, 2023
Currentness

**A.** The county recorder shall cancel a registration:

1. At the request of the person registered.

2. When the county recorder is informed and confirms that the person registered is dead.

3. If the person has been adjudicated an incapacitated person as defined in § 14-5101.

4. When the person registered has been convicted of a felony, and the judgment of conviction has not been reversed or set aside. The county recorder shall cancel the registration on receipt of notice of a felony conviction from the court or from the secretary of state or when reported by the elector on a signed juror questionnaire that is completed pursuant to § 21-314.

5. On production of a certified copy of a judgment directing a cancellation to be made.

6. Promptly after the election if the person registered has applied for a ballot pursuant to § 16-126.

7. When a person has been on the inactive voter list and has not voted during the time periods prescribed in § 16-166, subsection C.

8. When the county recorder receives written information from the person registered that the person has a change of residence within the county and the person does not complete and return a new registration form within twenty-nine days after the county recorder mails notification of the need to complete and return a new registration form with current information.

9. When the county recorder receives written information from the person registered that the person has a change of address outside the county, including when the county recorder either:

55

(a) Receives a form from the person pursuant to subsection E of this section on which the person has confirmed that the person is not a resident of this state.

(b) Receives a summary report from the jury commissioner or jury manager pursuant to § 21-314 indicating that the person has stated that the person is not a resident of the county. Before the county recorder cancels a registration pursuant to this subdivision, the county recorder shall send the person notice by forwardable mail and a postage prepaid preaddressed return form requesting the person confirm by signing under penalty of perjury that the person is a resident of the county and is not knowingly registered to vote in another county or another state. The notice shall inform the person that failure to return the form within thirty-five days will result in the person's registration being canceled. If the person fails to return the notice within thirty-five days the county recorder shall cancel the person's registration.

10. When the county recorder obtains information pursuant to this section and confirms that the person registered is not a United States citizen, including when the county recorder receives a summary report from the jury commissioner or jury manager pursuant to § 21-314 indicating that a person who is registered to vote has stated that the person is not a United States citizen. Before the county recorder cancels a registration pursuant to this paragraph, the county recorder shall send the person notice by forwardable mail that the person's registration will be canceled in thirty-five days unless the person provides satisfactory evidence of United States citizenship pursuant to § 16-166. The notice shall include a list of documents the person may provide and a postage prepaid preaddressed return envelope. If the person registered does not provide satisfactory evidence within thirty-five days, the county recorder shall cancel the registration and notify the county attorney and attorney general for possible investigation.

11. When the county recorder receives confirmation from another county recorder that the person registered has registered to vote in that other county.

**B.** If the county recorder receives credible information that a person has registered to vote in a different county, the county recorder shall confirm the person's voter registration with that other county and, on confirmation, shall cancel the person's registration pursuant to subsection A, paragraph 11 of this section.

**C.** If the county recorder cancels a registration pursuant to subsection A, paragraph 8 of this section, the county recorder shall send the person notice that the registration has been canceled and a registration form with the information described in § 16-131, subsection C attached to the form.

**D.** When proceedings in the superior court or the United States district court result in a person being declared incapable of taking care of himself and managing his property, and for whom a guardian of the person and estate is appointed, result in such person being committed as an insane person or result in a person being convicted of a felony, the clerk of the superior court in the county in which those proceedings occurred shall file with the secretary of state an official notice of that fact. The secretary of state shall notify the appropriate county recorder and the recorder shall cancel the name of the person on the register. Such a notice shall name the person covered, shall give the person's date and place of birth if available, the person's social security number, if available, the person's usual place of residence, the person's address and the date of the notice, and shall be filed with the recorder of the county where the person last resided.

**E.** Each month the department of health services shall transmit to the secretary of state without charge a record of the death of every resident of the state reported to the department within the preceding month. This record shall include only the name of

the decedent, the decedent's date of birth, the decedent's date of death, the decedent's social security number, if available, the decedent's usual legal residence at the time of death and, if available, the decedent's father's name or mother's maiden name. The secretary of state shall use the record for the sole purpose of canceling the names of deceased persons from the statewide voter registration database. In addition, the department of health services shall annually provide to the secretary of state from the statewide electronic death registration system without charge a record of all deaths of residents of this state that are reported to the department of health services. The records transmitted by the department of health services shall include only the name of the decedent, the decedent's date of birth, the decedent's social security number, if available, the decedent's usual legal residence at the time of death and, if available, the decedent's father's name or mother's maiden name. The secretary of state shall compare the records of deaths with the statewide voter registration database. Public access to the records is prohibited. Use of information from the records for purposes other than those required by this section is prohibited. The name of each deceased person shall promptly be canceled from the statewide voter registration database and the secretary of state shall notify the appropriate county recorder and the recorder shall cancel the name of the person from the register.

F. Each month the department of transportation shall furnish to the secretary of state without charge a list of persons who the department has been notified have been issued a driver license or the equivalent of an Arizona nonoperating identification license in another state. Within ten days after receiving the list of persons from the department of transportation, the secretary of state shall provide to the appropriate county recorder a list of registered voters in that county who have been issued a driver license or the equivalent of an Arizona nonoperating identification license in another state. The county recorder shall promptly send notice by forwardable mail to each person who has obtained a driver license or the equivalent of an Arizona nonoperating identification license in another state and a postage prepaid preaddressed return form requesting the person confirm by signing under penalty of perjury that the person is a resident of this state and is not knowingly registered to vote in another state or confirm that the person is not a resident of this state. The notice shall inform the person that failure to return the form within ninety days will result in the person's registration being placed in inactive status. If the person returns the form within ninety days confirming that the person is a resident of this state, the county recorder shall maintain the registration in active status. If the person fails to return the form within ninety days, the county recorder shall place the person's registration in inactive status.

G. Each month the secretary of state shall compare the statewide voter registration database to the driver license database maintained by the department of transportation. The secretary of state shall notify the appropriate county recorder if a person who is registered to vote in that county has changed the person's residence address or is not a United States citizen.

H. To the extent practicable, each month the county recorder shall compare the county's voter registration database to the social security administration database.

I. To the extent practicable, each month the county recorder shall compare persons who are registered to vote in that county and who the county recorder has reason to believe are not United States citizens and persons who are registered to vote without satisfactory evidence of citizenship as prescribed by § 16-166 with the systematic alien verification for entitlements program maintained by the United States citizenship and immigration services to verify the citizenship status of the persons registered.

J. For persons who are registered to vote without satisfactory evidence of citizenship as prescribed in § 16-166, the county recorder shall compare the electronic verification of vital events system maintained by a national association for public health statistics and information systems, if accessible, with the information on the person's voter registration file.

K. To the extent practicable, the county recorder shall review relevant city, town, county, state and federal databases to which the county recorder has access to confirm information obtained that requires cancellation of registrations pursuant to this section.

57

**L.** After canceling a registration pursuant to this section, the county recorder shall send a notice by forwardable mail informing the person that the person's registration has been canceled, the reason for cancellation, the qualifications of electors pursuant to § 16-101 and instructions on registering to vote if the person is qualified.

**M.** The secretary of state shall report the following information to the legislature at the end of each quarter:

1. The number of deaths reported to the secretary of state by the department of health services, the number of voter registration cancellation notices issued by the secretary of state to the county recorders as a result of those reports and the number of registrations canceled as a result of those notices.

2. The number of persons reported to the secretary of state who have been issued a driver license or the equivalent of an Arizona nonoperating identification license in another state, the number of notices sent pursuant to subsection E of this section and the number of voter registrations that have been placed in inactive status and the number of voter registrations that have been canceled as a result of those notices.

3. The number of persons who have stated on a jury questionnaire that the person is not a United States citizen, the number of notices sent pursuant to subsection A, paragraph 10 of this section and the number of registrations that have been canceled as a result of those notices.

4. The number of persons who have stated on a jury questionnaire that the person is not a resident of the county, the number of notices sent pursuant to subsection A, paragraph 9, subdivision (b) of this section and the number of registrations that have been canceled as a result of those notices.

5. The number of registrations on the inactive voter list that have been canceled pursuant to subsection A, paragraph 7 of this section.

**Credits**

Added by Laws 1979, Ch. 209, § 3, eff. Jan. 1, 1980. Amended by Laws 1987, Ch. 172, § 1; Laws 1988, Ch. 33, § 1, eff. Jan. 1, 1989; Laws 1991, Ch. 310, § 17, eff. Jan. 1, 1992; Laws 1993, Ch. 98, § 13, eff. Jan. 1, 1994; Laws 2000, Ch. 249, § 10, eff. Sept. 1, 2000; Laws 2004, Ch. 184, § 3; Laws 2016, Ch. 50, § 1; Laws 2017, Ch. 126, § 1, eff. Oct. 1, 2017; Laws 2021, Ch. 49, § 1; Laws 2022, Ch. 99, § 8, eff. Jan. 1, 2023; Laws 2022, Ch. 270, § 1; Laws 2022, Ch. 370, § 2.

<For disposition of the subject matter or derivation of sections repealed, added, or transferred and renumbered by Laws 1979, Ch. 209, §§ 2 to 5, effective January 1, 1980, see Disposition and Derivation Tables preceding Chapter 1.>

A. R. S. § 16-165, AZ ST § 16-165

Current through legislation of the Second Regular Session of the Fifty-Sixth Legislature (2024), effective as of June 21, 2024.

**End of Document**                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.                    4

§ 16-166. Verification of registration, AZ ST § 16-166

🚩 KeyCite Yellow Flag - Negative Treatment

Unconstitutional or Preempted  Prior Version Preempted by   Arizona v. Inter Tribal Council of Arizona, Inc.,   U.S.,   June 17, 2013

🚩 KeyCite Yellow Flag - Negative Treatment

Proposed Legislation

Arizona Revised Statutes Annotated
   Title 16. Elections and Electors (Refs & Annos)
      Chapter 1. Qualification and Registration of Electors (Refs & Annos)
         Article 5. Registration Rolls

A.R.S. § 16-166

§ 16-166. Verification of registration

Effective: September 24, 2022

Currentness

**A.** Except for the mailing of sample ballots, a county recorder who mails an item to any elector shall send the mailing by nonforwardable first class mail marked with the statement required by the postmaster to receive an address correction notification. If the item is returned undelivered, the county recorder shall send a follow-up notice to that elector within three weeks of receipt of the returned notice. The county recorder shall send the follow-up notice to the address that appears in the general county register or to the forwarding address provided by the United States postal service. The follow-up notice shall include an appropriate internet address for revising voter registration information or a registration form and the information prescribed by § 16-131, subsection C and shall state that if the elector does not complete and return a new registration form with current information to the county recorder or make changes to the elector's voter registration information that is maintained online within thirty-five days, the elector's registration status shall be changed from active to inactive.

**B.** If the elector provides the county recorder with a new registration form or otherwise revises the elector's information, the county recorder shall change the general register to reflect the changes indicated on the new registration. If the elector indicates a new residence address outside that county, the county recorder shall forward the voter registration form or revised information to the county recorder of the county in which the elector's address is located. If the elector provides a new residence address that is located outside this state, the county recorder shall cancel the elector's registration.

**C.** The county recorder shall maintain on the inactive voter list the names of electors who have been removed from the general register pursuant to subsection A or E of this section for a period of four years or through the date of the second general election for federal office following the date of the notice from the county recorder that is sent pursuant to subsection E of this section.

**D.** On notice that a government agency has changed the name of any street, route number, post office box number or other address designation, the county recorder shall revise the registration records and shall send a new verification of registration notice to the electors whose records were changed.

**E.** The county recorder on or before May 1 of each year preceding a state primary and general election or more frequently as the recorder deems necessary may use the change of address information supplied by the postal service through its licensees and the information provided by an electronic voter registration information center to identify registrants whose addresses may

59

have changed. If it appears from information provided by the postal service or an electronic voter registration information center that a registrant has moved to a different residence address, the county recorder shall send the registrant a notice of the change by forwardable mail and a postage prepaid preaddressed return form or an appropriate internet address for revising voter registration information by which the registrant may verify or correct the registration information. If the registrant fails to revise the information or return the form postmarked not later than thirty-five days after the mailing of the notice, the elector's registration status shall be changed from active to inactive. If the notice sent by the recorder is not returned, the registrant may be required to provide affirmation or confirmation of the registrant's address in order to vote. If the registrant does not vote in an election during the period after the date of the notice from the recorder through the date of the second general election for federal office following the date of that notice, the registrant's name shall be removed from the list of inactive voters. If the registrant has changed residence to a new county, the county recorder shall provide information on how the registrant can continue to be eligible to vote.

**F.** The county recorder shall reject any application for registration that is not accompanied by satisfactory evidence of United States citizenship. Satisfactory evidence of citizenship shall include any of the following:

1. The number of the applicant's driver license or nonoperating identification license issued after October 1, 1996 by the department of transportation or the equivalent governmental agency of another state within the United States if the agency indicates on the applicant's driver license or nonoperating identification license that the person has provided satisfactory proof of United States citizenship.

2. A legible photocopy of the applicant's birth certificate that verifies citizenship to the satisfaction of the county recorder.

3. A legible photocopy of pertinent pages of the applicant's United States passport identifying the applicant and the applicant's passport number or presentation to the county recorder of the applicant's United States passport.

4. A presentation to the county recorder of the applicant's United States naturalization documents or the number of the certificate of naturalization. If only the number of the certificate of naturalization is provided, the applicant shall not be included in the registration rolls until the number of the certificate of naturalization is verified with the United States immigration and naturalization service by the county recorder.

5. Other documents or methods of proof that are established pursuant to the immigration reform and control act of 1986.

6. The applicant's bureau of Indian affairs card number, tribal treaty card number or tribal enrollment number.

**G.** Notwithstanding subsection F of this section, any person who is registered in this state on the effective date of this amendment to this section is deemed to have provided satisfactory evidence of citizenship and shall not be required to resubmit evidence of citizenship unless the person is changing voter registration from one county to another.

**H.** For the purposes of this section, proof of voter registration from another state or county is not satisfactory evidence of citizenship.

60

**I.** A person who modifies voter registration records with a new residence ballot shall not be required to submit evidence of citizenship. After citizenship has been demonstrated to the county recorder, the person is not required to resubmit satisfactory evidence of citizenship in that county.

**J.** After a person has submitted satisfactory evidence of citizenship, the county recorder shall indicate this information in the person's permanent voter file. After two years the county recorder may destroy all documents that were submitted as evidence of citizenship.

**Credits**

Added by Laws 1994, Ch. 378, § 16, eff. Jan. 1, 1995. Amended by Laws 2000, Ch. 249, § 11, eff. Sept. 1, 2000; Laws 2001, Ch. 169, § 1. Approved election Nov. 2, 2004, eff. Dec. 8, 2004; Laws 2008, Ch. 273, § 5, eff. June 19, 2008. Amended by Laws 2010, Ch. 209, § 3, eff. April 28, 2010; Laws 2019, Ch. 242, § 1; Laws 2022, Ch. 277, § 3.

<For disposition of the subject matter or derivation of sections repealed, added, or transferred and renumbered by Laws 1979, Ch. 209, §§ 2 to 5, effective January 1, 1980, see Disposition and Derivation Tables preceding Chapter 1.>

A. R. S. § 16-166, AZ ST § 16-166

Current through legislation of the Second Regular Session of the Fifty-Sixth Legislature (2024), effective as of June 21, 2024.

    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2024 Thomson Reuters. No claim to original U.S. Government Works.