Nos. 24-3188, 24-3559, 24-4029
(Consolidated)

# In the United States Court of Appeals for the Ninth Circuit

MI FAMILIA VOTA; et al.,
*Plaintiffs-Appellees,*

vs.

ADRIAN FONTES, Arizona Secretary of State; et al.,
*Defendants-Appellees,*

WARREN PETERSEN, Arizona Senate President; et al.,
*Intervenor-Defendants-Appellants.*

On Appeal From U.S. District Court for the District of Arizona
No. 2:22-Cv-00509-SRB (and Consolidated Cases)

**IMMIGRATION REFORM LAW INSTITUTE'S MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

Christopher J. Hajec
Director of Litigation
Immigration Reform Law Institute
25 Massachusetts Ave, NW, Ste 335
Washington, DC 20001
Tel: 202-232-5590
Fax: 202-464-3590
Email: chajec@irli.org

Lawrence J. Joseph
Cal. Bar #154908
1250 Connecticut Av NW, Ste 700-1A
Washington, DC 20036
Tel: 202-669-5135
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Amicus Curiae Immigration Reform Law Institute*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the FEDERAL RULES OF APPELLATE PROCEDURE, *amicus curiae* Immigration Reform Law Institute makes the following disclosures:

1) For non-governmental corporate parties please list all parent corporations: <u>None</u>.

2) For non-governmental corporate parties please list all publicly held companies that hold 10% or more of the party's stock: <u>None</u>.

Dated: August 5, 2024                  Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph, Cal. Bar #154908
1250 Connecticut Ave, NW, Suite 700-1A
Washington, DC 20036
Tel: 202-355-9452
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Amicus Curiae Immigration Reform Law Institute*

# INTRODUCTION

Pursuant to FED. R. APP. PROC. 27 and 29(a) and Ninth Cir. R. 29-3, the Immigration Law Reform Institute ("IRLI") respectfully seeks this Court's leave to file the accompanying *amicus curiae* brief. Although several parties consented to the filing of the briefing several appellees "took no position," thus necessitating this motion for leave to file. No party indicated that they would file an opposition to IRLI's motion. Pursuant to FED. R. APP. P. 27(a)(2)(B)(i) and 29(a)(6), the proposed *amicus* brief is submitted as an exhibit accompanying this motion.

## I.　INTEREST AND IDENTITY OF *AMICUS CURIAE*

Movant Immigration Law Reform Institute ("IRLI") is a nonprofit 501(c)(3) public-interest law firm incorporated in the District of Columbia. IRLI is dedicated to litigating immigration-related cases on behalf of, and in the interests of, United States citizens, and to assisting courts in understanding and accurately applying federal immigration law. IRLI has litigated or filed *amicus* briefs in many important immigration cases, including in the district court in this matter and in *Trump v. Hawaii*, 585 U.S. 667 (2018); *United States v. Texas*, 579 U.S. 547 (2016); *Save Jobs USA v. U.S. Dep't of Homeland Sec.*, 942 F.3d 504 (D.C. Cir. 2019); *Ariz. Dream Act Coalition v. Brewer*, 855 F.3d 957 (9th Cir. 2017); *Washington All. of Tech. Workers v. U.S. Dep't of Homeland Sec.*, 74 F. Supp. 3d 247 (D.D.C. 2014); *Matter of Silva-Trevino*, 26 I. & N. Dec. 826 (B.I.A. 2016); and *Matter of C-T-L-*,

1

25 I. & N. Dec. 341 (B.I.A. 2010).. For more than twenty years, the Board of Immigration Appeals has solicited *amicus* briefs drafted by IRLI staff from IRLI's affiliate, the Federation for American Immigration Reform, because the Board considers IRLI an expert in immigration law. For these reasons, IRLI has direct interests in the issues here.

## II.   AUTHORITY TO FILE IRLI'S BRIEF

Motions under Rule 29(b) must explain the movant's interest and "the reason why an *amicus* brief is desirable and why the matters asserted are relevant to the disposition of the case." FED. R. APP. P. 29(b). The Advisory Committee Note quotes Sup. Ct. R. 37.1 to emphasize the value of *amicus* briefs that bring a court's attention to relevant matter not raised by the parties:

> An *amicus curiae* brief which brings relevant matter to the attention of the Court that has not already been brought to its attention by the parties is of considerable help to the Court.

Advisory Committee Note to the 1998 amendments to Rule 29 (*quoting* Sup. Ct. R. 37.1). "Because the relevance of the matters asserted by an *amicus* is ordinarily the most compelling reason for granting leave to file, the Committee believes that it is helpful to explicitly require such a showing." *Id.*

As now-Justice Samuel Alito wrote while serving on the U.S. Court of Appeals for the Third Circuit, "I think that our court would be well advised to grant motions for leave to file *amicus* briefs unless it is obvious that the proposed briefs

2

do not meet Rule 29's criteria as broadly interpreted. I believe that this is consistent with the predominant practice in the courts of appeals." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002) (citing Michael E. Tigar and Jane B. Tigar, *Federal Appeals – Jurisdiction and Practice* 181 (3d ed. 1999) and Robert L. Stern, *Appellate Practice in the United States* 306, 307-08 (2d ed. 1989)). Now-Justice Alito quoted the Tigar treatise favorably for the statement that "[e]ven when the other side refuses to consent to an *amicus* filing, most courts of appeals freely grant leave to file, provided the brief is timely and well-reasoned." 293 F.3d at 133.

### III. FILING IRLI'S BRIEF WILL SERVE THE COURT'S RESOLUTION OF THE ISSUES RAISED IN THESE APPEALS

IRLI's brief includes two main sections. Section I addresses Article III standing both generally and with respect to consolidated cases. *See* IRLI Br. 12-13; *see also id.* 3-5 (addressing Article III in the Statement of the Case's subsection on the Jurisdictional Background). Significantly, the parties cannot confer jurisdiction by conceding it, *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231 (1990), and appellate courts are obliged to consider the issue *sua sponte*. *Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 607 n.6 (1978) ("we have an obligation to consider the question sua sponte"); *Acri v. Varian Assocs.*, 114 F.3d 999, 1000-01 (9th Cir. 1997) (same in *dicta*). Indeed, "if the record discloses that the lower court was without jurisdiction [an appellate] court will notice the defect" and "the only function remaining to the court is that of announcing the fact and dismissing the

3

cause." *Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94 (1998) (interior quotations omitted). Section II addresses the merits of the United States' two claims, *see* IRLI Br. 13-26, which IRLI submits are the only merits issues jurisdictionally before this Court. With respect to the merits, IRLI's *amicus* brief addresses issues of statutory construction for federal legislation under the Elections Clause. *See* IRLI Br. 22-24.

The "matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual cases," *Singleton v. Wulff*, 428 U.S. 106, 120-21 (1976), including arguments raised solely by *amici*. *Turner v. Rogers*, 564 U.S. 431, 447-48 (2011); *cf. id.* at 2521 (Thomas, J., dissenting) (acknowledging that *amicus* raised the argument, but opposing consideration of the argument). With respect to arguments raised only in an *amicus* brief, this Court considers such an argument "where it involves a jurisdictional question or touches upon an issue of federalism or comity that could be considered sua sponte." *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993); *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 855-56 (9th Cir. 1992); *cf. Engine Mfrs. Ass'n v. South Coast Air Quality Management Dist.*, 498 F.3d 1031, 1044 (9th Cir. 2007) (reaching *amicus* arguments that are readily answered and go the central legal questions presented by the parties). Accordingly,

4

this Court's precedents support granting leave to file IRLI's brief and addressing the issues of Article III standing that IRLI raises.

## CONCLUSION

WHEREFORE, for the foregoing reasons, movant Immigration Reform Law Institute respectfully requests leave to file the accompanying *amicus curiae* brief.

Dated: August 5, 2024                                   Respectfully submitted,

/s/ Lawrence J. Joseph

| | |
|---|---|
| Christopher J. Hajec | Lawrence J. Joseph, Cal. Bar #154908 |
| Director of Litigation | Law Office of Lawrence J. Joseph |
| Immigration Reform Law Institute | 1250 Connecticut Av NW, Ste 700-1A |
| 25 Massachusetts Ave, NW, Ste 335 | Washington, DC 20036 |
| Washington, DC 20001 | Tel: 202-669-5135 |
| Tel: 202-232-5590 | Fax: 202-318-2254 |
| Fax: 202-464-3590 | Email: ljoseph@larryjoseph.com |
| Email: chajec@irli.org | |

*Counsel for Amicus Curiae Immigration Reform Law Institute*

5

## CERTIFICATE OF COMPLIANCE

1. The accompanying motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) and Circuit Rule 27-1(1)(d) because the motion contains 1,054 words and 5 pages, including footnotes, but excluding the parts of the motion exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. The accompanying motion complies with the typeface and type style requirements of FED. R. APP. P. 27(d)(1)(E) because the motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

Dated: August 5, 2024                    Respectfully submitted,

/s/ Lawrence J. Joseph
Lawrence J. Joseph, Cal. Bar #154908
Law Office of Lawrence J. Joseph
1250 Connecticut Av NW, Ste 700-1A
Washington, DC 20036
Tel: 202-669-5135
Fax: 202-318-2254
Email: ljoseph@larryjoseph.com

*Counsel for Amicus Curiae Immigration Reform Law Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2024, I electronically filed the foregoing motion—together with its accompanying amicus curiae brief—with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the appellate ACMS system, causing the service on counsel for the parties to this action via electronic means.

Dated: August 5, 2024　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　/s/ Lawrence J. Joseph
　　　　　　　　　　　　　　　　　　　Lawrence J. Joseph, Cal. Bar #154908
　　　　　　　　　　　　　　　　　　　Law Office of Lawrence J. Joseph
　　　　　　　　　　　　　　　　　　　1250 Connecticut Av NW, Ste 700-1A
　　　　　　　　　　　　　　　　　　　Washington, DC 20036
　　　　　　　　　　　　　　　　　　　Tel: 202-669-5135
　　　　　　　　　　　　　　　　　　　Fax: 202-318-2254
　　　　　　　　　　　　　　　　　　　Email: ljoseph@larryjoseph.com

　　　　　　　　　　　　　　　　　　　*Counsel for Amicus Curiae Immigration Reform Law Institute*