No. 24-3188, 24-3559 & 24-4029

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

MI FAMILIA VOTA, et al.,
  *Plaintiffs-Appellees,*

vs.

ADRIAN FONTES, et al.,
  *Defendants-Appellees.*

and

REPUBLICAN NATIONAL COMMITTEE, et al.,
  *Intervenor-Defendants-Appellants.*

_____

On Appeal from the United States District Court
for the District of Arizona
Hon. Susan R. Bolton
Case No. 22-cv-00509-SRB (Consolidated)

**CENTER FOR ELECTION CONFIDENCE, INC., MOTION FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF**

        Jonathon Paul Hauenschild
        California Bar No. 249615
        **Center for Election Confidence**
        4201 Wilson Blvd., Ste. 110-315
        Arlington, VA 22203
        jhauenschild@electionconfidence.org

August 5, 2024      *Counsel for* Amicus Curiae

# CORPORATE DISCLOSURE STATEMENT

In accordance with Federal Rules of Appellate Procedure 29(a)(4)(A) and 26.1, the Center for Election Confidence, Inc. states that it has no parent corporation and that no publicly held company owns 10 percent or more of its stock.

No publicly held corporation not a party to this case has a financial interest in the outcome of this case.

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild

*Counsel for Amicus Curiae*

i

## INTRODUCTION

Pursuant to Fed. R. App. P. 27 and 29(a) and Ninth Cir. R. 29-3, Center for Election Confidence, Inc. ("CEC") respectfully seeks this Court's leave to file the attached *amicus curiae* brief. CEC requested consent to file from all parties on or about July 25, 2024. Although several parties consented to the filing of this brief, some appellees "took no position," while other appellees never responded to CEC's request for consent, thus necessitating this motion for leave to file. Notably, no party indicated that they would oppose CEC's filing of an *amicus* brief. Consistent with Fed. R. App. P. 27(a)(2)(B)(i) and 29(a)(6), the proposed *amicus* brief is submitted as an exhibit accompanying this motion.

### I.   Interest and Identity of Amicus Curiae

CEC is a non-profit organization that promotes ethics, integrity, and professionalism in the electoral process. CEC works to ensure that all eligible citizens can vote freely within an election system of reasonable procedures that promote election integrity, prevent vote dilution and disenfranchisement, and instill public confidence in election systems and outcomes. To accomplish these objectives, CEC conducts, funds, and publishes research and analysis regarding the effectiveness of current and proposed election methods. CEC is a resource for lawyers, journalists, policymakers, courts, and others interested in the electoral process. CEC also periodically engages in public-interest litigation to uphold the rule

1

of law and election integrity and files *amicus* briefs in cases where its background, expertise, and national perspective may illuminate the issues under consideration.

With respect to the intersection of election integrity laws and the Materiality Provision of the Civil Rights Act, CEC submitted *amicus* briefs to the U.S. Court of Appeals for the Eleventh Circuit in *Disability Rights Florida v. Secretary, State of Florida*, No. 23-13727 (11th Cir. May 22, 2024) and *In re: Georgia Senate Bill 202*, No 23-13085 (11th Cir. July 8, 2024). Additionally, CEC (when previously known as Lawyers Democracy Fund) submitted an *amicus* brief to the U.S. Supreme Court in *Ritter v. Migliori*, advocating for vacatur of the Third Circuit's unprecedented opinion in *Migliori v. Cohen*, 36 F.4th 153 (3d Cir. 2022), *judgment vacated sub nom Ritter v. Migliori*, 143 S. Ct. 297 (2022). CEC also submitted an *amicus* brief to the Supreme Court of Pennsylvania in *Ball v. Chapman*, 289 A.3d 1 (Pa. 2023), advocating that the state high court respect the policy judgments of the state's General Assembly and enforce the signature and date requirement for absentee ballots. Both courts ruled in favor of the positions advocated by CEC.

II. **CEC's Brief Will Serve the Court's Resolution of the Brief By Providing Context, History, and Analysis of the Materiality Provision to State Election Laws**

CEC's brief has two principal arguments. First, it analyzes the text and history of the Materiality Provision as applied to Arizona's so-called birthplace requirement. *See* H.B. 2492, 2022 Ariz. Sess. Laws Ch. 99, § 4 (amending Ariz. Rev. Stat. § 16-

2

121.01(A)). Second, it looks at the text other federal elections statutes, namely the National Voter Registration Act ("NVRA") to confirm that Congress intended for states to both establish voter eligibility criteria in law and for election officials to make eligibility determinations.

The Materiality Provision, 52 U.S.C. § 10101(a)(2)(B), forbids a state from denying a prospective voter's registration based on an "error or omission" that is "not material in determining whether such [prospective voter] is *qualified under State law* to vote in such election." *Id*. (emphasis added). For the Provision to apply, the "error or omission" must not be material "under State law."

Arizona, like other states and the federal government, require voters in federal elections to be United States citizens. *See*, *e.g.*, Ariz. Const. art. VII, § 2(A) and Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, 110 Stat. 3009, 3009-546. When a prospective voter swears that be was born in the United States, Arizona can verify the information by asking the state listed as the birthplace if it has the appropriate record of birth. Similarly, if the applicant lists a birthplace in a foreign country, Arizona officials can look to the federal government as the proper entity to confirm citizenship. Additionally, officials can use birthplace information to ensure the registration is not a duplicate and for other purposes.

3

Not only does the Materiality Provision defer whether information is material to state law, Congress also presumed states would maintain eligibility standards when it enacted the NVRA. It did so for a couple of reasons. First, Congress lacks authority under the Elections Clause, Electors Clause, and Qualifications Clause to preempt state eligibility determinations. *See* U.S. Const. art. IV § 4; art. II, § 1; and amend. XVII, cl. 2. "Prescribing voting qualifications, therefore, 'forms no part of the power to be conferred upon the national government' by the Elections Clause, which is 'expressly restricted to the regulations of the *times*, the *places*, and the *manner* of elections.'" *Arizona v. Inter Tribal Council of Arizona*, 570 U.S. 1, 17 (2013).

Second, the Materiality Provision and NVRA are necessarily limited to voter registration. With the NVRA, Congress necessarily restricted it to election for federal office. And both the Materiality Provision and NVRA leave states free to establish their own eligibility criteria and processes for ensuring prospective voters meet them.

Congress robustly debated the NVRA. During that debate, both the House and Senate expressed a desire for state and local "election officials [to] continue to make determinations as to applicant's eligibility, such as citizenship, as are made under current law and practice." H R. Rep. No. 103-9, at 8 (1993).

4

CEC's brief will continue to build upon the history and context of the Materiality Provision, applying it to Arizona's long-standing voter eligibility requirements, raise similar eligibility standards from other states, and compare later enacted federal election law text with the Provision for consistency.

## CONCLUSION

WHEREFORE, because of the reasons stated in this motion, Center for Election Confidence, Inc., respectfully requests leave to file the attached *amicus curiae* brief.

Dated: August 5, 2024

Respectfully submitted,

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild
California Bar No. 249615
**Center for Election Confidence**
4201 Wilson Blvd., Ste. 110-315
Arlington, VA 22203
jhauenschild@electionconfidence.org

*Counsel for* Amicus Curiae

## CERTIFICATE OF COMPLIANCE

1. The accompanying motion complies with the type-volume limitation of FED. R. APP. P. 27(d)(2)(A) and Circuit Rule 27-1(1)(d) because the motion contains 991 words and 5 pages, including footnotes, but excluding the parts of the motion exempted by FED. R. APP. P. 32(a)(7)(B)(iii).

2. The accompanying motion complies with the typeface and type style requirements of FED. R. APP. P. 27(d)(1)(E) because the motion has been prepared in a proportionally spaced typeface using Microsoft Word 365 in Times New Roman 14-point font.

Dated: August 5, 2024                                Respectfully submitted,

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild
California Bar No. 249615
**Center for Election Confidence**
4201 Wilson Blvd., Ste. 110-315
Arlington, VA 22203
jhauenschild@electionconfidence.org

*Counsel for* Amicus Curiae

## CERTIFICATE OF SERVICE

I certify that on August 5, 2024, I electronically filed the foregoing brief with the Clerk for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

Dated: August 5, 2024　　　　　　　　Respectfully submitted,

*/s/ Jonathon P. Hauenschild*
Jonathon P. Hauenschild
California Bar No. 249615
**Center for Election Confidence**
4201 Wilson Blvd., Ste. 110-315
Arlington, VA 22203
jhauenschild@electionconfidence.org

*Counsel for* Amicus Curiae