No. 24-3188 (consolidated with Nos. 24-3559 and 24-4029)

# In the United States Court of Appeals for the Ninth Circuit

MI FAMILIA VOTA, *et al.*,
*Plaintiffs-Appellees*,

v.

ADRIAN FONTES, *et al.*,
*Defendants-Appellees*,

WARREN PETERSEN, *et al.*,
*Intervenor-Defendants-Appellants*.

*On Appeal from the United States District Court
for the District of Arizona*

**MOTION OF CONSTITUTIONAL ACCOUNTABILITY CENTER FOR LEAVE TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF PLAINTIFFS-APPELLEES AND AFFIRMANCE**

Movant, Constitutional Accountability Center, requests leave under Federal Rule of Appellate Procedure 29(a)(3) and Ninth Circuit Rule 29-3 to file an *amicus curiae* brief in support of Plaintiffs-Appellees. The proposed *amicus* brief is attached as an exhibit to this motion. In support of its motion, *amicus* states as follows:

1. Constitutional Accountability Center (CAC) is a think tank and public interest law firm dedicated to fulfilling the progressive promise of the

1

Constitution's text and history. CAC works in our courts, through our government, and with legal scholars to improve understanding of the Constitution and to preserve the rights, freedoms, and structural safeguards that our nation's charter guarantees.

2. CAC has a strong interest in the scope of the Fifteenth Amendment's protections, Congress's power to enforce those protections, and the Civil Rights Act of 1964, and therefore has an interest in this case. Indeed, CAC routinely files briefs in the Supreme Court and other courts in cases concerning the Voting Rights Act of 1965, the Fifteenth Amendment, and other federal protections of the right to vote. *See, e.g.*, Br. of CAC as *Amicus Curiae* in Support of Appellees, *Alexander v. S.C. State Conf. of the NAACP*, 144 S. Ct. 1221 (2024) (No. 22-807); Br. of CAC as *Amicus Curiae* in Support of Appellees and Respondents, *Allen v. Milligan*, 599 U.S. 1 (2023) (Nos. 21-1086, 21-1087); Br. of CAC as *Amicus Curiae* in Support of Respondents, *Brnovich v. Democratic Nat'l Comm.*, 594 U.S. 647 (2021) (Nos. 19-1257, 19-1258).

3. The proposed *amicus* brief will offer a unique perspective to this Court by examining the text and history of the Fifteenth Amendment and the Civil Rights Act of 1964 ("Civil Rights Act"). As *amicus* describes in its proposed brief, the Fifteenth Amendment created an expansive prohibition on racial discrimination in voting and empowered Congress to pass the Civil Rights Act.

With the Act, Congress sought to put a stop to the myriad mechanisms and tactics employed by states to deny Black voters their right to vote and fulfill the promise of the Fifteenth Amendment almost a century after its ratification.

4. The proposed *amicus* brief will also aid this Court by examining the text and history of the Civil Rights Act's Materiality Provision, 52 U.S.C. § 10101(a)(2)(B). As the proposed brief explains, the Provision advances Congress's goals by prohibiting states from denying the right to vote due to errors or omissions on registration forms that are not material to a voter's qualifications. Contemporary dictionary definitions of "material" from the early 1960s demonstrate that "material" means significant or probative—a level of importance beyond mere relevance or relatedness. Ultimately, as *amicus* concludes, Arizona's requirement that voters put their birthplace on registration forms violates the Materiality Provision because it is not material—or even relevant—to Arizona's determination of voter qualifications.

5. Pursuant to Ninth Circuit Rule 29-3, movant endeavored to obtain consent from all parties to the filing of the *amicus curiae* brief before filing this motion. Appellants and several plaintiffs-appellees consented, and other plaintiffs-appellees did not respond as of the time of this filing. Defendant-Appellee Adrian Fontes took no position on the filing of the *amicus curiae* brief. No party has indicated that they oppose the filing of the *amicus curiae* brief.

3

WHEREFORE, movant respectfully requests leave to file the accompanying *amicus curiae* brief.

> Respectfully submitted,
>
> */s/ Elizabeth B. Wydra*
> Elizabeth B. Wydra
> Brianne J. Gorod
> David H. Gans
> Anna K. Jessurun
> CONSTITUTIONAL
>   ACCOUNTABILITY CENTER
> 1200 18th Street NW, Suite 501
> Washington, D.C. 20036
> (202) 296-6889
> elizabeth@theusconstitution.org
>
> *Counsel for Amicus Curiae*

Dated: August 19, 2024

4

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on August 19, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Executed this 19th day of August, 2024.

*/s/ Elizabeth B. Wydra*
Elizabeth B. Wydra

*Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this motion complies with the typeface and volume limitations of Fed. R. App. P. 27(d) because it contains 553 words, excluding the parts of the motion exempted by Fed. R. App. P. 27(d)(2) and 32(f), and because the motion has been prepared in a proportionally spaced typeface using Microsoft Word 14-point Times New Roman font.

Executed this 19th day of August, 2024.

*/s/ Elizabeth B. Wydra*
Elizabeth B. Wydra

*Counsel for Amicus Curiae*