IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

————————

Nos. 24-3188, 24-3559, 24-4029

MI FAMILIA VOTA, *et al.*,

      Plaintiffs-Appellees

v.

ADRIAN FONTES, *et al.*,

      Defendants-Appellees

WARREN PETERSEN, *et al.*,

      Intervenors-Defendants-
      Appellants/Cross-Appellees

————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

————————

UNITED STATES' UNOPPOSED MOTION TO STAY THE
DEADLINES FOR APPELLEES TO RESPOND TO THE PETITIONS
FOR REHEARING EN BANC

————————

Pursuant to Federal Rules of Appellate Procedure 26(b) and 27 and Ninth Circuit Rule 27-1, plaintiff-appellee United States requests that this Court stay the deadlines by which appellees must respond to the Petitions for Rehearing En Banc filed in this matter. In the

alternative, the United States asks the Court for a limited stay of its own deadlines for responding to the Rehearing Petitions. In support of this motion, the United States provides as follows:

1. The United States filed suit against Arizona and its Secretary of State, arguing that portions of Arizona House Bill (H.B.) 2492 violate Section 6 of the National Voter Registration Act, 52 U.S.C. 20505, and Section 101 of the Civil Rights Act of 1964, 52 U.S.C. 10101(a)(2)(B). *See* 3-MFV-SER-561-577.[1] The district court consolidated the United States' case with others filed by private plaintiffs. *See* Doc. 69. The court entered summary judgment in the United States' favor on all but one of its claims (1-ER-124, 142), and the court later ruled for the United States on its remaining claim following a bench trial (1-ER-77-78). After the court entered final judgment, permanently enjoining enforcement of the H.B. 2492 provisions the United States had

---

[1] "__-MFV-SER-__" refers to the volume and page numbers in the Supplemental Excerpts of Record filed with the Mi Familia Vota plaintiffs' brief. "__-ER-__" refers to the volume and page numbers of the intervenors' Excerpts of Record. "Doc. __, at __" refers to the docket entry number and relevant pages of documents filed in the district court, *Mi Familia Vota v. Fontes*, No. 2:22-cv-509 (D. Ariz.). "Op. __" refers to the page numbers in the panel opinion. "C.A. Dkt. __" refers to the docket entry number of documents filed in this appeal.

- 2 -

challenged (1-ER-3-4), appeals were filed by the State of Arizona and its Attorney General (collectively, Arizona), and by a set of intervenors-defendants, including the President of the Arizona State Senate, the Speaker of the Arizona House of Representatives, and the Republican National Committee (collectively, intervenors).

2. On February 25, 2025, a divided panel of this Court affirmed the district court's rulings on the United States' claims. *See* Op. 35-40, 56, 58-59. Judge Bumatay "agree[d]" with the panel majority's affirmance on one of the United States' claims but dissented as to the other claims. *See* Op. 83-87, 134-137, 156.

3. Following the panel decision, intervenors and Arizona each filed a Petition for Rehearing En Banc. C.A. Dkt. 261-262. Appellees' responses to intervenors' Petition are due May 2, 2025, and appellees' responses to Arizona's Petition are due May 6, 2025. *See* C.A. Dkt. 263-264.

4. The United States no longer seeks to press the claims that it brought in this case in 2022. Accordingly, on April 8, 2025, it filed a motion in the district court under Federal Rule of Civil Procedure 62.1 for an indicative ruling on the United States' requests under Rule

- 3 -

60(b)(5) or (6) for relief from the final judgment in *United States v. Arizona*, No. 2:22-cv-1124 (D. Ariz.), and for voluntary dismissal of the United States' claims under Rule 41(a)(2) once judgment has been vacated. Doc. 771, at 1-3.[2] As explained in the Motion, if the district court states that it would grant this relief or that the United States' Motion raises a substantial issue, the United States will ask this Court for a limited remand to return jurisdiction to the district court so that it may adjudicate the United States' requests. *Id.* at 3; *see* Fed. R. Civ. P. 62.1; *see also* Fed. R. App. P. 12.1(b) (noting the default rule that the court of appeals retains jurisdiction when it issues a limited remand); *Mendia v. Garcia*, 874 F.3d 1118, 1121 (9th Cir. 2017) ("FRAP 12.1 permits [a court of appeals] to remand a case to the district court, while retaining jurisdiction, for the limited purpose of allowing the district court to take action consistent with an earlier indicative ruling."). Because the private plaintiffs in this litigation brought claims challenging the same provisions of Arizona law as the United States did, and under the same causes of action, the United States' requested

---

[2] A copy of the United States' Motion is attached here as an exhibit.

- 4 -

relief would not affect the final judgment entered in the other consolidated cases.

5. Arizona and intervenors consented to the United States' requested relief. Doc. 771, at 3. Among the plaintiffs in this consolidated litigation, only one group of private parties—Poder Latinx, Chicanos Por La Causa, and Chicanos Por La Causa Action Fund (collectively, Poder Latinx plaintiffs)—filed a written Opposition to the United States' Motion. Doc. 772. In their filing, the Poder Latinx plaintiffs took no position on the United States' request for voluntary dismissal of its claims. *Id.* at 2. Rather, they objected only to the United States' request for relief under Federal Rule of Civil Procedure 60(b) from the final judgment in *United States v. Arizona, supra. Ibid.* The United States filed its Reply in support of its Motion on April 28, 2025. Doc. 774.

6. Given the proceedings below, the United States respectfully asks the Court to stay appellees' deadlines for responding to the Petitions for Rehearing En Banc, pending resolution of the United States' Motion for an indicative ruling and associated requests for relief. Specifically, the United States asks that the Court stay appellees'

- 5 -

deadline to file their responses until 14 days (1) after the district court rules on the United States' Motion for an indicative ruling; and if the court indicates that it would grant the United States' requested relief or that the United States' Motion raises a substantial issue, (2) after any limited remand ordered by this Court and final ruling by the district court on the United States' requests under Federal Rules of Civil Procedure 41(a)(2) and 60(b). The requested stay would permit resolution of the United States' efforts to voluntarily dismiss its claims in this litigation while keeping all of the responses to the Petitions for Rehearing En Banc on the same briefing schedule.

    7. In the alternative, the United States asks the Court simply to stay the deadlines by which it must respond to the two Rehearing Petitions, without altering the deadlines applicable to the other appellees. Specifically, the United States requests that the Court stay the United States' response deadlines pending a decision by the district court on the United States' Motion for an indicative ruling; and if the district court indicates it would *deny* the United States its requested relief under Rules 41(a)(2) and 60(b), require the United States to file its responses within 14 days of the district court's order. This approach

would preserve the current briefing schedule for the other parties, while only requiring responses by the United States if it appears that the United States will continue as a party in the case.

8. Intervenors do not oppose the United States' motion. Arizona and the other appellees in this case take no position on the United States' motion.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court stay the deadlines by which appellees must respond to Arizona's and intervenors' Petitions for Rehearing En Banc. In the alternative, the United States asks the Court to stay the United States' response deadlines pending a decision by the district court on the United States' Motion for an indicative ruling, and if the district court indicates it would deny the United States' requested relief, require the

- 7 -

United States to respond to the Petitions within 14 days of the district court's order.

                                              Respectfully submitted,

                                              HARMEET K. DHILLON
                                                Assistant Attorney General

                                              MICHAEL E. GATES
                                                Deputy Assistant Attorney General

                                              s/ Andrew G. Braniff
                                              ANDREW G. BRANIFF
                                                Attorney
                                                Department of Justice
                                                Civil Rights Division
                                                Appellate Section
                                                Ben Franklin Station
                                                P.O. Box 14403
                                                Washington, D.C. 20044-4403
                                                (202) 532-3803

Date: April 29, 2025

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) and Ninth Circuit Rules 27-1(1)(d) and 32-3(2) because it contains 1254 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 27(d)(2) and 32(f) and Ninth Circuit Rule 27-1(1)(d). This motion also complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5) and (6) because it was prepared in Century Schoolbook 14-point font using Microsoft Word for Microsoft 365.

s/ Andrew G. Braniff
ANDREW G. BRANIFF
 Attorney

Date: April 29, 2025

**ATTACHMENT**

| | | |
|---|---|---|
| 1 | HARMEET K. DHILLON<br>Assistant Attorney General | TIMOTHY COURCHAINE<br>United States Attorney |
| 2 | Civil Rights Division | District of Arizona |
| 3 | R. TAMAR HAGLER (CA Bar No. 189441) | |
| 4 | DANIEL J. FREEMAN (NY Bar No. 4582037)<br>Attorneys, Voting Section | |
| 5 | Civil Rights Division<br>U.S. Department of Justice | |
| 6 | 950 Pennsylvania Avenue, NW | |
| 7 | Washington, DC 20530<br>(202) 305-5451 | |
| 8 | daniel.freeman@usdoj.gov | |

*Attorneys for the United States*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mi Familia Vota, et al.,<br><br>                Plaintiffs,<br><br>v.<br><br>Adrian Fontes, et al.,<br><br>                Defendants. | No. 2:22-cv-509 (SRB) (Lead Case)<br>No. 2:22-cv-1124 (SRB) (Consolidated)<br><br>**Motion for Indicative Ruling on**<br>**Motion for Relief from Final Judgment** |
| Associated Consolidated Cases | |

      Pursuant to Federal Rule of Civil Procedure 62.1, the United States respectfully moves for an indicative ruling on a motion for relief from final judgment under Rule 60(b)(5) or (b)(6) and for voluntary dismissal under Rule 41(a)(2). An indicative ruling is necessary when this Court lacks authority to afford the requested relief "because of an

1 | appeal that has been docketed and is pending." Fed. R. Civ. P. 62.1(a); *see also Williams*
2 | *v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) ("To seek Rule 60(b) relief during the
3 | pendency of an appeal, the proper procedure is to ask the district court whether it wishes
4 | to entertain the motion, or to grant it, and then move this court, if appropriate, for remand
5 | of the case." (internal quotation marks and citation omitted)).  The Ninth Circuit
6 | presently maintains jurisdiction over this consolidated litigation.  *See Mi Familia Vota v.*
7 | *Fontes*, 129 F.4th 691 (9th Cir. Feb. 25, 2025); Fed. R. App. P. 40(d)(1)(A) (45-day
8 | period to file petition for rehearing en banc when United States is a party); Fed. R. App.
9 | P. 41(b) (delaying issuance of mandate until petition deadline passes).
10 |         The United States no longer seeks to press its claims in this case.  Therefore, the
11 | United States seeks complete relief from final judgment in *United States v. Arizona*, No.
12 | 2:22-cv-1124 (D. Ariz.), and—once the judgement has been vacated with respect to
13 | *United States v. Arizona*—voluntary dismissal of the United States' claims.  Relief from
14 | judgment would be timely and equitable under Federal Rule of Civil Procedure Rule
15 | 60(b)(5) and (b)(6).  *See Am. Games, Inc. v. Trade Prods., Inc.*, 142 F.3d 1164, 1167-70
16 | (9th Cir. 1998) (permitting relief from judgment based on district court's "equitable
17 | balancing"); *see also, e.g.*, Henson v. Fidelity Nat'l Fin., Inc., 943 F.3d 434, 443-44 (9th
18 | Cir. 2019) (recognizing that Rule 60(b)(6) "gives the district court power to vacate
19 | judgments whenever such action is appropriate to accomplish justice" (internal quotation
20 | marks and citation omitted)).  In turn, voluntary dismissal is within this Court's discretion
21 | and appropriate under the circumstances.  *See Kamal v. Eden Creamery, LLC*, 88 F.4th
22 | 1268, 1286-87 (9th Cir. 2023); *see also, e.g.*, Order Dismissing the United States'

2

1  Claims, *LULAC v. Abbott*, No. 3:21-cv-259 (W.D. Tex. Mar. 6, 2025) (three-judge court),

2  ECF No. 872.

3        In light of ongoing proceedings in the Court of Appeals, the United States

4  respectfully requests an indicative ruling under Rule 62.1 as to whether the Court would

5  grant a motion for relief from judgment on its claims under Rule 60(b)(5) or (6) and for

6  voluntary dismissal under Rule 41(a)(2). Pursuant to Rule 62.1(b), the United States will

7  promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1(a) if this

8  Court states that it would grant the motion or that the motion raises a substantial issue. In

9  conjunction with such notification, the United States will seek a limited remand,

10 recognizing that the Court of Appeals would otherwise retain jurisdiction. *See* Fed. R.

11 App. P. 12.1(b). Private Plaintiffs brought claims challenging the same provisions of HB

12 2492 under the same causes of action. *Compare* Compl. ¶¶ 62-71, *United States v.*

13 *Arizona*, No. 2:22-cv-1124 (D. Ariz. July 5, 2022), ECF No. 1, *with* LULAC Am. Compl.

14 ¶¶ 351-362, ECF No. 67, *and* MFV 2d Am. Compl. ¶¶ 93-106, ECF No. 65. Thus, the

15 requested relief would not otherwise impact final judgment entered in the consolidated

16 litigation. *See* Final Judgment, ECF No. 720 (listing cases).[1]

17       The United States attempted to meet and confer with all counsel prior to filing the

18 instant motion. The State of Arizona and the RNC and Legislative Intervenors consent to

19 the requested relief. The Poder Latinx Plaintiffs oppose Rule 60(b) relief and take no

20

---

21 [1] Vacatur of the final judgment in *United States v. Arizona* may be accomplished merely
by striking "*United States v. Arizona*, No. 2:22-cv-01124-SRB (D. Ariz. July 5, 2022);"
22 on page 1, lines 19-20 of the Final Judgment.

3

1 position on Rule 41(a)(2) relief. The MFV Plaintiffs, LULAC Plaintiffs, Democratic

2 Party Plaintiffs, and Arizona AANHPI for Equity Plaintiffs expressly reserve their

3 positions, and Secretary Fontes takes no position. The remaining parties have not

4 articulated a position. A proposed order is attached hereto.

5 Date: April 8, 2025

6                                                                                Respectfully submitted,

7 TIMOTHY COURCHAINE          HARMEET K. DHILLON
  United States Attorney             Assistant Attorney General
8 District of Arizona                  Civil Rights Division

9
                                                               /s/ Daniel J. Freeman
10                                                                R. TAMAR HAGLER
                                                               DANIEL J. FREEMAN
11                                                                Attorneys, Voting Section
                                                               Civil Rights Division
12                                                                U.S. Department of Justice
                                                               950 Pennsylvania Avenue, NW
13                                                                Washington, DC 20530

14

15

16

17

18

19

20

21

22

4

# CERTIFICATE OF SERVICE

I hereby certify that on April 8, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of this filing to counsel of record.

/s/ Daniel J. Freeman
Daniel J. Freeman
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530
(202) 305-5451
daniel.freeman@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mi Familia Vota, et al., | |
| Plaintiffs, | No. 2:22-cv-509 (SRB) (Lead Case) |
| v. | No. 2:22-cv-1124 (SRB) (Consolidated) |
| Adrian Fontes, et al., | |
| Defendants. | |
| Associated Consolidated Cases | |

**[PROPOSED] INDICATIVE RULING ON UNITED STATES' MOTION FOR RELIEF FROM JUDGMENT**

Upon consideration of the United States' Request for an Indicative Ruling on a Motion for Relief from Judgment, ECF No. _____, this Court states that it would **GRANT** the motion if the Court of Appeals were to remand for the limited purpose of granting the requested relief. Specifically, in the event of a limited remand, this Court would enter an order vacating the judgment issued with respect to *United States v. Arizona*, No. 2:22-cv-1124 (D. Ariz.); striking "*United States v. Arizona*, No. 2:22-cv-01124-SRB (D. Ariz. July 5, 2022);" on page 1, lines 19-20 of the Final Judgment, ECF No. 720; and dismissing *United States v. Arizona* pursuant to Federal Rule of Civil Procedure 41(a)(2). This Court would not otherwise alter the final judgment entered in the consolidated actions filed by private plaintiffs.

1 | It is so **ORDERED.**

2 | Signed this ____ Day of _____, 2025.

3

4 |                                         _____
                                            THE HON. SUSAN R. BOLTON
5 |                                         UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22